TOWN OF EAST LYME *v.* REGINALD HUNTINGTON ET AL.

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 27553

Memorandum filed March 23, 1961

*Bascom & O'Brien,* of New London, for the plaintiff.

*Corkey & Barrows,* of New London, specially for defendants Reginald and Dorothy Huntington.

TROLAND, J.  The attempted service of process in this case was made by a deputy sheriff, who left a true copy of the original process under the door of a residence at 56 Pennsylvania Avenue, East Lyme, on February 23, 1961. This residence was owned by the defendant Reginald Huntington and was occupied by a tenant. The porch of this dwelling was enclosed, and Reginald Huntington had an office there which he used occasionally to meet people. His name appeared in the window of the porch, and there was a sign there which read, "Get in touch with other office at Black Point entrance to Black Point Beach Club." The defendants Reginald Huntington and Dorothy B. Huntington have never resided at 56 Pennsylvania Avenue. The copy of process left at 56 Pennsylvania Avenue was found by the defendant Reginald Huntington on March 2, 1961. It had been picked up by the tenant of the house from under the door and placed on a desk in the office. On March 2, 1961, Huntington brought this copy to his home and showed it to his wife, the defendant Dorothy B. Huntington. No other copy of the process had been served on her.

The usual place of abode of the defendants Reginald Huntington and Dorothy B. Huntington on February 23, 1961, was a residence at the corner of Bidwell Street and West End Avenue, Attawan Beach, East Lyme. The service of process on these defendants was not at their usual place of abode. The service of process in the manner found above was a nullity. General Statutes § 52-57; *Cugno* v. *Kaelin,* 138 Conn. 341, 343; *United States Guarantee Co.* v. *Giarelli,* 14 Conn. Sup. 400; *Clover* v. *Urban,* 108 Conn. 13, 17.

The pleas in abatement by Reginald Huntington and Dorothy B. Huntington are sustained.