ELYN K. GRAYSON *v.* WOFSEY, ROSEN, KWESKIN & KURIANSKY ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 210139
FAIRFIELD AT BRIDGEPORT

Memorandum filed January 11, 1984

*Zrenda & Hinkle,* for the plaintiff.
*Cotter, Cotter & Sohon,* for the defendant law firm.

JACOBSON, J. The defendant law firm of Wofsey, Rosen, Kweskin & Kuriansky represented the plaintiff in a marital dissolution action brought by her hus-

band. The plaintiff brings this action against the firm and two of its members individually based on a theory of legal malpractice concerning that representation. Service was made upon the defendants by leaving process with the secretary of the firm at the firm's business address.

The defendants filed a motion to dismiss pursuant to Practice Book § 142 for insufficiency of service of process. The motion alleges that the court lacks jurisdiction over the defendants because service of process was not made in accordance with General Statutes § 52-57.

Jurisdiction over the person is a question properly raised by a motion to dismiss. Practice Book § 143. When the motion does not seek to introduce facts outside of the record, it admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. *American Laundry Machinery, Inc.* v. *State,* 190 Conn. 212, 217, 459 A.2d 1031 (1983).

When a statute specifies the manner of service, "[u]nless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." *Hyde* v. *Richard,* 145 Conn. 24, 25, 138 A.2d 527 (1958).

In bringing this action against the individual firm members the plaintiff is required to follow General Statutes § 52-57 (a) which states that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." In bringing this action against the defendant law firm partnership the plaintiff is required to follow General Statutes § 52-57 (d), which provides, inter alia, that "[i]n actions against

a partnership, service of process may be made by personally serving any process within the state upon any one of the partners . . . ."

In any order to comply with General Statutes § 52-57 (a) service has to be made upon the defendant firm members personally or at their "usual place of abode." Service was not made on the defendants personally. Also, service was not made at the defendant's "usual place of abode."

"Abode" for purposes of General Statutes § 52-57 (a) is the place where the defendant would most likely have knowledge of service of process and is generally recognized as the place where he is living at the time of service. *Plonski* v. *Halloran,* 36 Conn. Sup. 335, 336, 420 A.2d 117 (1980). The court noted that although abode service was in derogation of common law, General Statutes § 52-57 should be construed liberally in those cases in which the defendant received actual notice. *Plonski* v. *Halloran,* supra, 337.

*Plonski* v. *Halloran,* supra, should not, however, be read as implying that a person's place of employment is sufficient for abode service absent any showing of residency. The court in *East Lyme* v. *Huntington,* 22 Conn. Sup. 288, 169 A.2d 752 (1961) excluded the defendant's place of employment from the parameters of abode service. In *East Lyme* v. *Huntington,* supra, service was made on the defendant by leaving a copy of process under the door of a residence owned by the defendant but occupied by his tenant. The defendant eventually received notice when he discovered the process placed on his desk by the tenant. The court held that the residence where the defendant maintained an office was not the equivalent of his "usual place of abode." Id., 289.

Accordingly, the law firm's address is not the defendant's "usual place of abode."

General Statutes § 52-57 (d) requires the plaintiff to institute an action against a partnership by personally serving any process upon any one of the partners. It is clear from the return of process that service was not made upon any of the partners personally. Rather, the plaintiff relies on the secretary's allegedly implied authority to accept service on behalf of the partnership.

General Statutes § 52-57 (d) does not permit service on a partnership through any type of agency theory. See Stephenson, Conn. Civ. Proc. § 27 (2d Ed. 1975); partners served are not agents to receive notice for others. This interpretation is derived from the common law which instructed that for personal jurisdiction to attach each partner had to be personally served. Id.; Crane & Bromberg, Law of Partnership § 62 (1963).

General Statutes § 52-57 (d) does not express the legislature's intention to alter the common law rule. Therefore the statute should be construed as consistent with the common law. *State* v. *Kish,* 186 Conn. 757, 764, 443 A.2d 1274 (1982).

Service upon the secretary does not fulfill the requirements of General Statutes § 52-57 (d). Accordingly, the motion to dismiss is granted.