[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
FACTS
Plaintiff National Industrial Bank of Connecticut (NIBC) filed a two count complaint against defendants Walter and Mary Lou Juzwic September 26, 1989. The complaint is a collections action. Plaintiff also filed an application for a prejudgment remedy against defendants in the amount of $21,000.00. Abode service of process was made by a proper officer September 19, 1989 at 24-26 Tetreault Street, Norwich, Connecticut.
Defendants entered an appearance June 11, 1990. On July 6, 1990, defendants filed a motion to dismiss plaintiff's entire action on the grounds that defendants have not been served with process.
As required by Practice Book section 143, defendants have filed a memorandum in support of their motion and plaintiff has timely filed a memorandum in opposition.
DISCUSSION
A motion to dismiss tests whether, on the face of the record, the court lacks jurisdiction. Upson v. State, 190 Conn. 622, CT Page 1194 624 (1983). A motion to dismiss admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227 (1983). Lack of jurisdiction, once raised, must be disposed of before the court can move any further in the cause. Castro v. Viera,207 Conn. 420, 429 (1988) (citations omitted). The motion to dismiss is the proper way to assert insufficiency of process and insufficiency of service of process. Connecticut Practice Book section 143(4), (5) (rev'd to 1978, as updated to October 1, 1989). Defects in service of process may affect a court's jurisdiction over a person. Bridgeport v. Debek,210 Conn. 175, 179-80 (1989). A defendant may contest the court's jurisdiction even after having entered a general appearance. Connecticut Practice Book section 142 (rev'd to 1978, as updated to October 1, 1989).
Defendants have submitted a sworn affidavit, stating that they do not live at the address at which abode service was made, that the address is not their place of abode, and that they were not served with process in hand. Defendants argue that because they were never properly served with notice of plaintiff's action against them, the action should be dismissed.
Plaintiff argues that 24-26 Tetreault Street, Norwich, Connecticut, is the abode of defendants and that service was proper. Plaintiff argues in the alternative that if the service of process was defective, plaintiff should be allowed to amend service of process.
Pursuant to Connecticut General Statutes section 52-54:
 The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode. When service is made by leaving an attested copy at the defendant's usual place of abode, the officer making service shall note in his return the address at which such attested copy was left.
Under Connecticut General Statutes section 52-72, the court may allow a proper amendment to process which is defective for any reason. Connecticut General Statutes section 52-72 (a).
If the court, on motion and after CT Page 1195 hearing, finds that the parties had notice of the pendency of the action and their rights have not been prejudiced or affected by reason of the defect, any attachment made by the original service and the rights and under any lis pendens shall be preserved and continued from the date of service of the original process as though the original process had been in proper form. A certified copy of the finding shall be attached to and served with the amended process.
Connecticut General Statutes section 52-72 (c). No pleading shall be dismissed for any kind of circumstantial errors, mistakes, or defects, if the person and the cause may be rightly understood and intended by the court. Connecticut General Statutes section 52-123.
A person's usual place of abode is generally recognized to be the place where the person is living at the time of service. Grant v. Dalliber, 11 Conn. 234, 238 (1836); Grayson v. Wofsey, Rosen, Kweskin Kuriansky, 40 Conn. Sup. 1,3 (1984).
"When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard Tallow Corporation v. Jowdy, 190 Conn. 48,54 (1983). Plaintiff has not submitted any evidence that defendants live at 24-26 Tetreault Street, Norwich, Connecticut. Accepting defendants' affidavit regarding their abode as true for purposes of this motion to dismiss, defendants were not properly served under Connecticut General Statutes section 52-54 because service was not left at defendants' usual place of abode.
The Court must next determine whether such error was substantive or merely circumstantial. In Rodney v. Rodney,29 Conn. Sup. 92 (1970), the court held that lack of an apartment number was a substantive defect because process had simply been left at the apartment complex and defendant never received it. In Hartford National Bank Trust v. Tucker,178 Conn. 472 (1979), the court held that lack of an apartment number was a circumstantial defect because process was left at the correct apartment and received by defendant. In the case at hand, the address given is not simply incomplete, defendants do not live at the address given in the process. In Burger v. Frolick, 4 Conn. Cir. Ct. 468 (1967), the court held CT Page 1196 that the failure of the officer making abode service to note in his return the address at which he left process was a circumstantial defect within the scope of Connecticut General Statutes section 52-123. The Burger case may be distinguished from the case at hand because in that case the address was correct, and the court was not concerned with whether service was actually made at the usual place of abode of defendant, while in the case at hand the address was not the abode of defendants. In Collins v. Scholz, 34 Conn. Sup. 501 (1976), the court held that where the defendant did not reside or have his usual place of abode at the address served, a one-family home, the attempted abode service made at that address was invalid and that the court had no jurisdiction over defendant. In Town of East Lyme v. Huntington, 22 Conn. Sup. 288 (1961), the court held that where process was served on property owned by defendants and occupied by a tenant, which was not abode of defendants, service was improper. In the case at hand, defendants do not dispute their ownership of the property service was made on, but do assert that it is not their abode.
Plaintiff argues that even if there was error, defendants have not been prejudiced. Plaintiff argues that lack of prejudice is shown by the fact that defendants did receive notice of the action as demonstrated by their court appearance. However, as noted earlier, under Connecticut Practice Book section 142, a defendant may contest the court's jurisdiction even after having entered a general appearance. Plaintiff has not cited and research has not revealed any case law supporting the proposition that filing an appearance constitutes a waiver of jurisdictional defects.
The Court accepts defendants' affidavit regarding their abode and the abode service of process, and therefore finds that service of process on defendants was not proper since process was not served at defendants' abode.
The Court finds that the address used in service of process in this case is a substantive defect because defendants do not live there would not reasonably be expected to receive process left at an abode other than their own. The fact that the defendants appeared in court to challenge jurisdiction does not satisfy the service of process requirement in order to confer jurisdiction.
ORDER
The motion to dismiss is granted.
AXELROD, J. CT Page 1197