[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The principal issues presented by this Motion to Dismiss are the following:
1. Was the defendant properly served with process at his usual place of abode?
2. Should the court transfer this action to Litchfield because venue in Hartford is improper?
The court concludes that service of process was properly made and that Litchfield is the proper venue for this action.
Plaintiff Mae Bailey, a Colorado resident, filed a two count complaint against George Mansour, alleging that he fraudulently represented to her certain facts about his use of her credit cards.
This action is the plaintiff's second attempt to sue the defendant on the above facts. The court, Hennessey, J., dismissed the first suit because the defendant was improperly served with process while appearing in a Connecticut court on an unrelated matter. See Bailey v. Mansour, 4 CTLR 290 (June 26, 1991, Hennessey, J.).
In this action, the deputy sheriff for Litchfield County served the defendant at 153 Old Farms Road in Torrington. The defendant again moves to dismiss the complaint on the grounds of lack of personal jurisdiction, insufficiency of service of process, lack of subject matter jurisdiction, insufficiency of process, and improper venue.
The parties have filed affidavits and memoranda of law in support of their positions.
The defendant's grounds for seeking dismissal are authorized by Practice Book 143. Although he asserts the above five grounds in the motion, his memorandum of law only argues CT Page 8886 insufficient service of process and improper venue.
I. Insufficient Service of Process
"Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." General Statutes 52-57(a) (1991). "Usual place of abode" has been defined as the place where [the defendant] is living at the time of service." Grayson v. Wofsey, Rosen, Kweskin Kuriansky,40 Conn. Sup. 1, 3, 478 A.2d 629 (1984). A person "may have two or more places of residence within a State, or in two or more States, and each may be a `usual place of abode'" Clegg v. Bishop, 105 Conn. 564, 569, 136 A.2d 102 (1926).
The sheriff's return is "prima facie evidence of the facts stated therein." Uyen Phan v. Delgado, 41 Conn. Sup. 367, 370,576 A.2d 603 (1990). The burden of proof then shifts to the defendant to show that service was not made at his usual place of abode. See Standard Talow Corp. v. Jowdy, 190 Conn. 48, 53,459 A.2d 503 (1983); Boyd v. Payne, 1 Conn. L. Rptr. 487 (April 12, 1990, Purtill, J.). The defendant argues that the address at which he was served is not his usual place of abode because he lives in Massachusetts and not in Connecticut. The defendant further argues that although he may own property in Connecticut, service was insufficient because the Torrington address was not then or is not presently his usual place of abode. The defendant submits his affidavit, in which he attests that he has been a Massachusetts resident since July 1990 with a "principal place of residence" in Westborough. The affidavit is insufficient because the affiant did not sign it. Nevertheless, the court will notice a proper affidavit by the defendant contained in this file of the first action, which attests to the same fact.
The plaintiff submits copies of two affidavits. In one a deputy sheriff attests that he confirmed with the Department of Motor Vehicles that the defendant holds a valid Connecticut driver's license with the Torrington address printed on it. In the other affidavit, a legal assistant attests that she confirmed with the Bloomfield tax assessor that property tax bills for property in Bloomfield are mailed to the defendant at the Torrington address. These affidavit are insufficient because they are copies of the originals. Nevertheless, the court will notice the originals, which are contained in the file of the first action.
The sheriff who served process attests in the return that he left CT Page 8887
 a true and attested copy of the within summons, complaint and statement of amount in demand . . . at the usual place of abode of the . . . defendant . . . 153 Old Farms Road, Torrington. As I was leaving area I asked the gate attendant that I would appreciate a call if and when they saw George Mansour. . . . On July 8, 1991 approximately 4:40 p. m. I received a call from Naomi Carter, gate guard . . . that George Mansour had just entered the area. I arrived at his place of abode approximately 5:50 p. m., TV was on channel 3 as I could see from front window. I knocked and rang door bell, he would not answer the door. I stayed there a good half hour [sic] he would not come to door. I then left another true and attested copy . . . at the usual place of abode of the within named George Mansour, 153 Old Farms Road.
The defendant can have more than one residence and, therefore, more than one "usual place of abode." See Clegg, supra, 570. Further, the defendant has not met his burden of proving that the Torrington address is not usual place of abode because he only argues that he "principally" lives in Massachusetts. The defendant was properly served with process in Torrington; the motion to dismiss is denied on this ground.
II. Venue
In further support of his motion to dismiss, the defendant argues that if the court finds that he was properly served, then venue is improper in Hartford and the court should transfer this action to the judicial district of Litchfield.
The Connecticut venue statute provides, in part: "[A]ll civil process shall be made returnable to a judicial district, as follows: . . . (3) If either or both the plaintiff or the defendant are residents of this state, to the judicial district where either the plaintiff or defendant resides." General Statutes 51-345(a)(3) (1991).
Furthermore, "[a]ny action . . . may be transferred, by order of the court on its own motion or on the granting of a motion of any of the parties . . . from the superior court for one judicial district . . . to a superior court location for any other judicial district." General Statutes 51-347b(a) (1991).
Because the court finds that abode service was properly made upon the defendant in Torrington, venue in this action CT Page 8888 should be in the judicial district of Litchfield. Accordingly, the court will transfer this action to the judicial district of Litchfield pursuant to 51-347b(a).
For the foregoing reasons, the court denies the motion to dismiss as to sufficiency of service, but grants the motion as to improper venue. This case is hereby transferred to the judicial district of Litchfield.
SCHALLER, J.