[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants in this case are a general partnership and CT Page 8539 three of its general partners. On July 31, 1991, service of process was made personally in this state on one of the general partners, Christopher Telesca, who accepted service for himself individually and for each of the other defendants. All of the defendants filed a general appearance on August 20, 1991. On September 27, 1991, the partnership, M.A.T. Associates, filed a motion to dismiss claiming that service was defective because personal service was not made upon all of the partners. This motion must be denied.
In the first place, the motion is untimely. P.B. 142 requires that a defendant wishing to contest the court's jurisdiction "do so by filing a motion to dismiss within thirty days of the filing of an appearance." The motion to dismiss here was filed well after this time limit had expired.
In any event, Conn. Gen. Stat. 52-57 (d) expressly provides that "[i]n actions against a partnership, service of process may be made by personally serving any process within the state upon any one of the partners." (Emphasis added.) The service here fully comported with this requirement. Grayson v. Wofsey, Rosen, Kweskin Kuriansky, 40 Conn. Sup. 1, 478 A.2d 629 (1984), relied upon by the defendants, does not hold to the contrary. In that case, service was held defective because it was "not made upon any of the partners personally." Id. at 4. (Emphasis added.)
The motion to dismiss is denied.
Dated at Waterbury this 17th day of October, 1991.
JON C. BLUE JUDGE OF THE SUPERIOR COURT