[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Edwin L. Baum, moves to dismiss the complaint based upon a claim of improper service wherein the defendant claims that abode service was made at a Connecticut address previously abandoned by the defendant and that therefore the court lacks in personam jurisdiction over the defendant.
FACTS
The court did hold an evidentiary hearing relevant to this motion to dismiss. The court finds the following facts.
That prior to December 20, 1990, the defendant resided at 5 Bramble Bush, Avon, Connecticut (Avon).
That on or about December 20, 1990, the defendant moved to Boca Raton, Florida, procured a Florida driver's license, registered to vote in Florida and obtained a real estate salesperson's license in Florida. The defendant continues to reside in Florida.
That on or about March 29, 1991, the process server left a true and attested copy of the original writ, summons and CT Page 382 complaint, in the matter at bar, at 5 Bramble Bush, Avon, Connecticut, naming the defendant as a party.
That the defendant's wife has owned the Avon residence for approximately 7 years and continues to have sole ownership. It is noteworthy that husband and wife are not estranged.
The defendant continues to maintain a law practice and office located in West Hartford, Connecticut.
The defendant returns to Connecticut approximately one week per month and on the occasions of his return the defendant sleeps at the Avon premises and at premises in Old Saybrook, Connecticut. No other testimony was elicited relevant to the Old Saybrook premises.
In a correspondence dated April 8, 1991, purportedly from Florida, the defendant informed the plaintiff's attorney that he, the defendant, did receive the "defaulting pleading" but received "no service."
The only so-called "defaulting pleading" nearest that point in time was the plaintiff's Motion for Default for Failure to Appear dated May 3, 1991, filed in the office of the clerk on May 6, 1991, and the certification indicates a copy mailed to the defendant at Avon on May 3, 1991.
The only pleading that was prepared and forwarded or served on or before April 8, 1991, was the writ, summons and complaint.
DISCUSSION
Except as otherwise provided, process in any civil action should be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state. C.G.S. 52-57(a) (emphasis added). Abode service both confers jurisdiction and gives notice. Smith v. Smith, 150 Conn. 15, 20 (1962), Gondek, et al. v. Haugwitz-Reventlow, et al., 4 Conn. L. Rptr. No. 8, 243 (July 8, 1991).
Where the defendant can show that process was left at a place other than his usual place of abode, "the court must find that there was no service of process and that it acquired no jurisdiction over the person of the defendant which would authorize it to render a valid judgment against him. Gondek, et al. v. Haugwitz-Raventhlow, et al., supra, 243-44, Uyen Phan v. Delgado, 41 Conn. Sup. 367, 370, 1 Conn. L. Rptr. 139, 141 (1990). CT Page 383
The chief purpose of the statutory requirement that service of civil process be made at the defendant's usual place of abode is to ensure actual notice to the defendant that the action is pending. Gondek, supra, 244, Uyen Phan, supra, 369, Clegg v. Bishop, 105 Conn. 564, 569 (1926).
The sheriff's return is "prima facie evidence of the facts stated therein . . . ." Uyen Phan, supra 370; Hartley v. Vitiello, 113 Conn. 74, 79 (1931), Gondek, supra, 244. The burden of proof is then on the defendant to show that service was not made at this usual place of abode. Gondek, id, see Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53 (1983).
"Usual place of abode" has been defined as "the place where [the defendant] is living at the time of service," Grayson v. Wolfsey, Rosen, Kiveskin, Kuriansky, et al., 40 Conn. Sup. 1, 3; Plonski v. Halloran, 36 Conn. Sup. 335, 336; Cohen v. Bayne,28 Conn. Sup. 233, 237 (1969); "the place where the defendant would most likely have knowledge of service of process," Grayson, supra, Plonski, supra, 335; Clegg, supra, 569; "a defendant's residence," Capitol Light Supply Co. v. Gunning Electric Co., 24 Conn. Sup. 324, 326 (1963). The place of abode must be "usual." See CGS 52-57(a). Thus, the duration of past or contemplated future occupation is a significant factor. 1 Stephenson, Conn. Civ. Proc. (2d Ed) 24, p. 78, Gondek, supra, 244.
A usual place of abode does not mean domicile. Clegg, supra, 570. A person "may have two or more places of residence within a state, or in two or more states, and each may be a `usual place of abode.'" Clegg, id. Further, part time residency is sufficient for service of process. Capitol Light and Supply Co., supra, 326. See Clegg, supra, 564. A usual place of abode may be a temporary place of habitation rather than a permanent place where one lives with the intention to remain. Capitol Light Supply Co., supra, 326.
The defendant testified that he relocated to Florida in December of 1990 and "abandoned" his Avon residence.
Webster's, Ninth New Collegiate Dictionary, 1988, page 43 defines "abandon", in relevant part: "to give up with the intent of never again claiming a right or interest in"; "to cease from . . . using . . . ."
The testimony of the defendant as to his nexus with the Avon premises is inconsistent.
The defendant has failed in his burden of proof. The court finds that the service of process was made at the Avon CT Page 384 residence and the Avon residence was a usual place of abode of the defendant in Connecticut at the time of service.
The court further finds that jurisdiction was acquired over the person of the defendant.
Motion to dismiss is denied.
MIANO, J.