[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed this action on a note against the Metacomet Fidelco Industrial Center partnership. The sheriff's return indicates that in hand service occurred on August 28, 1991 by serving Lloyd Freemantle. The defendant moves to dismiss this action on the grounds that Mr. Freemantle is not currently, and was not at the time process was served, a partner in Metacomet Fidelco Industrial Center. CT Page 3888
Connecticut General Status 52-57(d) provides in pertinent part, "In actions against a partnership, service of progress may be made by personally serving any progress within the state upon anyone of the partners. . ." The affidavit of Marc Berson, one of the partners in Metacomet Fidelco, states that as of April 14, 1985 through the present date, Lloyd Freemantle was not and is not currently a partner in Metacomet Fidelco. Therefore, a partner of Metacomet Fidelco has not been served in this action and service has not been rendered in compliance with 52-57(d). "Where a statute specifies the manner of service, `unless service of progress is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Grayson v. Wolfsey, Rosen, Kweskin, Kuriansky, 40 Conn. Sup. 1, 2, (1984) quoting Hyde v. Richard, 145 Conn. 24, 25 (1958). Since service was not made on a partner as it prescribed by the applicable statute, this court is without jurisdiction in this matter.
Accordingly, the motion to dismiss is granted
BYRNE, JUDGE