[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT SEXTON'S MOTION TO DISMISS
This is a six-count complaint filed by Norman Keith, et al, for a class of plaintiffs, against the defendants, Mellick CT Page 3217 Sexton, a partnership, Dorrance Sexton individually, and Edward G. Mellick individually. Keith asserts that the partnership was formed for the purpose of acquiring and developing certain real property located in California and that Sexton and Mellick served as legal counsel to the partnership, and alleges inter alia that the defendants breached the Connecticut Uniform Securities Act, were negligent, breached a third party beneficiary contract, knowingly joined fiduciaries in an enterprise consisting of a breach of a fiduciary duty, committed common law fraud and violated CUTPA.
On September 21, 1995, Sexton filed this Motion to Dismiss based on improper service of process and lack of personal jurisdiction pursuant to General Statutes § 52-54 and Practice Book § 142.
-I-
The July 12, 1995 return of service by the sheriff indicated that he made personal service upon Edward Mellick, personally, as general partner of the partnership and on "Edward Mellick, Esq., 70 Pine Street, New Canaan, Connecticut accepting service for Dorrance Sexton, Jr."
Sexton states in an affidavit that in July 1995, that although he was an attorney licensed to practice in Connecticut, he lived in Sargentville, Maine and had no residence in Connecticut, that he was never served by a sheriff, and that he never was given or received a copy of the writ, summons and complaint. Plaintiff concedes that service was never made on Sexton personally or at his place of abode but argues that service was properly made on Sexton because, as indicated in a separate affidavit of the sheriff, "Attorney Mellick stated that he was duly authorized to accept service for Sexton" and that upon this representation the sheriff handed Attorney Mellick the writ, summons and complaint noting the same on his return.
In the summons, Sexton's address is listed as 237 Elm Street, New Canaan, Connecticut, apparently the law office of Mellick Sexton. In his affidavit, Sexton denies that he ever resided at this address. There is no explanation why service was made at 70 Pine Street, New Canaan, other than it was the law office of Mellick Sexton. CT Page 3218
There are two statutes generally applicable to service of process in civil actions which provide for actual service or abode services. General statutes § 52-57 and § 52-54. It is unnecessary to delve into these statutes because it is clear that plaintiffs failed to comply with either statute in that service was not made on Sexton personally or at his usual place of abode. Grayson v. Wofsey, Rosen, et al.,40 Conn. Sup. 1 (1984).
Plaintiff concedes that service was not made under the statute but argues that constructive service was made in view of all the circumstances namely that service was made on a law partner of the defendant at defendants law office where the partner represents he was authorized to accept service. This claim consists of strands of two separate theories; first that the unique situation and responsibility of an attorney makes service effective on him when his law partner accepts service for him and secondly when an attorney specifically represents he has authority to accept service for a law partner a sheriff is justified in relying on such representation and service is effective.
-II-
Plaintiff does not claim that service was effectively made on Sexton because Mellick was his partner, recognizing that "partners served are not agents to receive notice for others." Grayson Id., 4. He stresses rather that although Sexton was an out of state resident he "holds himself out to the general public in the practice of law at the above address."
It has been recognized that where a party cannot be actually served with process, in proper cases service may be effected by a substitute mode under statutes or rules providing therefore. 62B Am.Jur.2d, Process § 146. In Connecticut various statutes provide for service on the Secretary of State and other public officials in lieu of personal service on certain classes of person engaged in categories of prior activity on the part of that defendant. See Stephenson, Connecticut Civil Procedure, §§ 25, 26. No rule or statute has been invoked which indicates that an attorney practicing in Connecticut falls into any category such that in a civil action brought against him, service may CT Page 3219 be made at his law office or upon his partner.
It is true that once an action has been instituted, service may in some cases be made on an attorney who has appeared on behalf of a client. In general, however, an attorney is not authorized by general principles of agency to accept service of original process on behalf of a client.County of Milwaukee v. Industrial Rev. Committee (Wisconsin Court of Appeals) 418 N.W.2d 35 (1987).
It may be that in matters affecting an attorney's status as a member of the bar or in matters arising out of a relationship between an attorney and this court, that effective constructive service might be made at the office where he holds himself out to be in practice, but the action in this case does not fall into those narrow categories. There is no short cut in the serving of original civil process on a party simply because he is an attorney.
-III-
Acceptance of service of process by an attorney on behalf of another person cannot be effective unless the attorney has specific authority from that person. A plaintiff has the burden of establishing that the authority to receive process exists between the defendant and the person served. 62B Am.Jur.2d Process § 234. Plaintiff has not claimed or attempted to show that such authority was specifically conferred upon Mellick by Sexton, and has not sustained his burden in this case.
Plaintiff's reliance on the doctrine of "apparent authority" might have some relevance in a claim by the sheriff against Mellick, but has no bearing on the question of whether Kendrick was effectively served. No authority has been cited to bolster the claim that because Mellick had apparent authority to accept service that acceptance of service by him on behalf of Sexton would somehow constitute service on Sexton.
This case involves some unhappy facts involving a defendant lawyer who contests jurisdiction even though process was left at his office and a second lawyer who allegedly told a sheriff that he had authority to accept process when it is not clear that he had such authority. CT Page 3220
Nevertheless, analysis of the legal principles involved must result in the conclusion that effective service was not made on Sexton under our statutes so as to confer personal jurisdiction over him. Insufficiency of process and lack of personal jurisdiction are proper grounds to invoke a motion to dismiss. Zizka v. Water Pollution Authority, 195 Conn. 682
(1985).
Motion to Dismiss granted.
Wagner, J.