[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
On February 22, 1996, the plaintiff, Bruce Holewa, filed a four count complaint in breach of contract, breach of warranty, misrepresentation, and violation of the Connecticut Unfair Trade Practices Act (CUTPA) against the defendants, Joseph H. and Mary Katherine Sajda, arising out of the plaintiff's purchase of a 1967 Ford Mustang from the defendants.
The defendants filed a motion to dismiss for lack of personal jurisdiction under General Statutes § 52-57(a) on March 21, 1996. The plaintiff did not file any memorandum in opposition.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert . . . (2) lack of jurisdiction over the person . . . ."
The defendants assert that they were not properly served pursuant to General Statutes § 52-57(a), and therefore the court is without personal jurisdiction. The plaintiff argued through counsel at short calendar that the defendants received actual notice, and in the interest of judicial economy the defendants' motion to dismiss should be denied.
Section 52-57(a) provides that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." Where jurisdiction over an individual is sought, there must either be in hand or abode service, unless a statute provides otherwise. Tarnopol v. Connecticut Siting Council,212 Conn. 157, 162-63, 561 A.2d 931 (1989). "The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on CT Page 4022-E personal or abode service, the matters stated in the return, if true, confer jurisdiction." (Internal quotation marks omitted.)Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53, 561 A.2d 931
(1983).
The question of what constitutes a defendant's usual place of abode is one of fact. Garden Mutual Benefit Association v. Levy,37 Conn. Sup. 790, 792 (App. Sess. 1981). "The chief purpose of the statutory requirement that service of civil process be made at the defendants' usual place of abode `is to ensure actual notice to the defendant that the action is pending' . . . Where an officer attests that the place where the summons was served was the defendants' usual place of abode, he is attesting to a fact which, unlike the fact of personal or in-hand service, is ordinarily not within his own personal knowledge. . . . Accordingly, the rule that an officer's return is only prima facie evidence of the facts stated therein and may be contradicted by showing the facts to be otherwise is particularly applicable where the validity of abode service is challenged. . . . Where there is undisputed evidence that the officer mistakenly left the process at a place other than the defendants' place of abode, the court must find that there was no service of process and that it `acquired no jurisdiction over the person of the defendant . . . which would authorize it to render a valid judgment against him.'" (Citations omitted.) UyenPhan v. Delgado, 41 Conn. Sup. 367, 369-70 (1990, Hammer, J.). "`Abode' for purposes of General Statutes § 52-57(a) is the place where the defendant would most likely have knowledge of service of process and is generally recognized as the place where he is living at the time of service." Grayson v. Wofsey, Rosen, Kweskin Kuriansky, 40 Conn. Sup. 1, 3 (1984, Jacobson, J.). However, "§52-57(a) should be construed liberally in those cases in which the defendant received actual notice." Id., 3. "Usual place of abode has been defined as the place where [the defendant] is living at the time of service; the place where the defendant would most likely have knowledge of service of process; a defendant's residence; the place where a married man's family resides . . . and where he has voluntarily resided with them, as his home, and which he has never abandoned . . . unless such residence has been, and was intended to be, temporary and for transient purposes." (Internal quotation marks omitted.) Shawmut Bank Connecticut v.Cook, Superior Court, judicial district of Middlesex at Middletown, Docket No. 073915 (February 23, 1995, Walsh, J.).
The Sheriff's return indicates that the sheriff made abode service at 83 Church Street, Easton, Connecticut, which address he CT Page 4022-F obtained from the records of the Motor Vehicle Department of the State of Connecticut and the Post Office of the Town of Monroe. The defendants, however, have submitted affidavits in which they attest that they did not live at that address at the time of service, and that they do not presently reside at that address. The affidavits of the defendants do not necessarily contradict the sheriff's return, if the address obtained by the sheriff was not current at the time of service. Therefore, the defendants' affidavits rebut the presumption created by the sheriff's return. The plaintiff has submitted no other evidence showing that 83 Church Street is the usual place of abode. Accordingly, the defendants' motion to dismiss is granted.
BALLEN, JUDGE