[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS NO. 134
Banker's Trust Company (the Bank), instituted this proceeding against Irene D. Mazur (Mazur); State Street Bank Trust CT Page 8692 Company; Associated Internists of Danbury; and Danbury Hospital, seeking foreclosure of certain property owned by Mazur known as 114-116 Walnut Hill Road in Bethel, Connecticut. Defaults were ultimately entered and judgment of foreclosure by sale was ordered on August 1, 1994.
On June 27, 1995, counsel for the Bank filed a notice of bankruptcy with the accompanying stay with the court indicating that Mazur had filed a petition with the Bankruptcy Court in Bridgeport on June 16, 1995. The bankruptcy stay was vacated on September 28, 1995, and a new sale date was set for January 12, 1996. On January 22, 1996, the court-appointed Committee filed a deed indicating that the premises had been sold to State Street Bank Trust Company for $95,000. The court, Hull, STR, had approved the deed on January 19, 1996.[1]
On April 26, 1996, Mazur appeared in the action through counsel for the first time. On April 29, 1996, James Curran, Esq., filed a "motion for advice" and "notice of intent to appeal" in which he indicated that Mazur "has been emotionally and physically ill, incapable of defending this action, unable to cope due to several personal and financial setbacks," and that she had sought and obtained Chapter 13 bankruptcy relief. Mazur's counsel asked the court "to void the confirmation" of the Committee's sale of the property, and gave "notice that [Mazur] . . . intends to appeal said confirmation." Nowhere in the motion did Mazur's counsel contest the court's personal jurisdiction over her, nor did he indicate that Mazur never received notice that the bank contends it had served on her at her abode.
On May 24, 1996, Mazur filed a motion to dismiss the action against her for lack of personal jurisdiction on the ground of insufficiency of service of process. In her memorandum in support of the motion, she argues that she was not properly served with the complaint in this action. The sheriff's return indicates that abode service was made on Mazur at 114-116 Walnut Hill Road, yet Mazur claims that she was not living at the premises at the time the action was commenced and service was attempted.
The Bank filed a memorandum in opposition to the motion to dismiss, raising four arguments. First, the Bank argues that Mazur waived any claim for lack of personal jurisdiction when she filed a motion for advice through counsel on April 29, 1996. Second, it recites that Mazur's motion is improper because it was CT Page 8693 not accompanied by an affidavit attesting to the relevant facts surrounding the issue of jurisdiction. Third, it claims that Mazur had actual knowledge of this foreclosure action and held the premises out as her abode, and lastly, it argues that the service accomplished by the sheriff is sufficient for this foreclosure action since it is an in rem proceeding.
"`Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss.'" Knipple v.Viking Communications, 236 Conn. 602, 605, quoting StandardTallow Corp. v. Jowdy, 190 Conn. 48, 53-54. A motion to dismiss on the ground of lack of personal jurisdiction is waived if not raised by motion to dismiss within thirty days of the party's appearance in the action. Section 142 of the Practice Book. In this case, although the defendant's challenge to the court's personal jurisdiction over her was not raised until after a judgment of foreclosure had entered, her challenge is timely since it was made within thirty days of her appearance in the action.
The court is not persuaded that the Bank's contention that Mazur's motion is appropriate because it was not accompanied by an affidavit attesting to the relevant facts surrounding the issue of jurisdiction in accordance with Sec. 143 of the Practice Book. While it is true that normally a motion to dismiss must be accompanied by such an affidavit, any noncompliance by Mazur was remedied when the court held a hearing on June 24, 1996, in accordance with Standard Tallow Corp. v. Jowdy, supra, 190 Conn. 48.
As previously mentioned, the Bank's first argument is that Mazur waived any claim for lack of personal jurisdiction when she filed a motion for advice through counsel on April 29, 1996. Essentially, the issue is whether, assuming abode service on Mazur was ineffective, her attorney's filing of a motion for advice without first contesting jurisdiction constituted a waiver of her challenge to the court's lack of personal jurisdiction.
Section 113 of the Practice Book provides: "In all cases, when the court does not otherwise order, the filing of any pleading provided for by [Section 112] . . . will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided. . . ." Although a motion for advice is not one of the listed pleadings, Mazur's attorney's representations and requested relief in the motion for CT Page 8694 advice were inconsistent with her later denial of the court's personal jurisdiction over her. Notably, in counsel's motion for advice, it was not asserted that Mazur failed to receive notice of the foreclosure action, only that she was incapable, due to personal circumstances, of defending the action against her. Accordingly, this court concludes that Mazur waived her right to contest the court's exercise of personal jurisdiction over her.
In addition to its claim of waiver, the Bank also contends that Mazur held out 114-116 Walnut Hill Road as her address even after she claims to have abandoned the premises, essentially estopping her claim of insufficient service of process. While Mazur contends that the subject premises was not, in fact, her residence at the time service was attempted, there is substantial evidence in the record that Mazur held out the premises as her residence even after she claims to have abandoned it. Her testimony at the hearing was to the effect that she had not resided at the premises since approximately the fall of 1993, and the testimony of other witnesses generally confirmed her statements; however, counsel for the Bank introduced into evidence documents in which Mazur listed 114 Walnut Hill Road as her address.[2] The court finds significant the fact that Mazur's petition for bankruptcy, filed on June 16, 1995, lists her address as 114 Walnut Hill Road, is most significant. (Plaintiff's Exhibit 1: Bankruptcy Petition filed June 16, 1995.)
Finally, there is insufficient evidence to conclude that Mazur had changed her residence at the time service was attempted such that abode service at 114 Walnut Hill Road was legally insufficient to confer jurisdiction over her. Although Mazur testified that she last lived at the subject premises in the fall of 1993, she conceded that many of her personal effects and furniture were still in the house and that mail was still being delivered to Mazur at that address. These facts are not consistent with a claim that one has abandoned a residence for jurisdictional purposes.
In sum, it cannot be said that the Bank's attempted abode service on Mazur at 114 Walnut Hill Road is legally insufficient since, based upon the entire record before the court, that is the place where Mazur would most likely have received notice of the process. See Grayson v. Wofsey, Rosen, Kweskin Kuriansky,40 Conn. Sup. 1, 3 ("`Abode' for purposes of General Statutes § 52-57 (a) is the place where the defendant would most likely have knowledge of service of process and is generally recognized as CT Page 8695 the place where he is living at the time of service."). Therefore, the court need not consider the other arguments raised by the parties, and the motion to dismiss for lack of personal jurisdiction is denied.
Moraghan, J.