[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
Apportionment defendant, Lawrence Osterling has moved to dismiss the apportionment complaint of defendant, Richard Van on the ground of insufficiency of service of process and resultant lack of personal jurisdiction over him. Specifically, Osterling claims that the service reflected in the sheriffs return at 138 Federal Street, Bristol was not in compliance with General Statutes § 52-57 because said address was not his abode and he was not served in hand. The court, after hearing testimony from both the Deputy Sheriff Lisa Stevenson and the plaintiff, Michelle Osterling, agrees that Mr. Osterling was not served either in hand or by abode service and that this court lacks in personam jurisdiction over him.
It is axiomatic that to obtain in personam jurisdiction over a party, service of process must be made pursuant to statute.General Motors Acceptance Corp. v. Pumphrey, 13 Conn. App. 223, CT Page 7636 227 (1988). Connecticut Practice Book § 143(5) specifically establishes the use of the Motion to Dismiss (in a prior incarnation the Plea in Abatement) to assert a lack of jurisdiction by way of insufficient service. Given that the sheriff s return of process constitutes prima facie evidence of abode service, the burden is on the apportionment defendant to prove that he was not properly served. See Standard Tallow Corp.v. Jowdy, 190 Conn. 48, 53-54 (1983).
The evidence adduced at the hearing on the Motion to Dismiss establishes that on December 30, 1995 Deputy Sheriff Stevenson went to 138 Federal Street in Bristol, the home of the plaintiff, to serve the summons and apportionment complaint on her father, Lawrence Osterman.[1] Apportionment defendant was not present although his son and namesake was present. While there is some dispute as to whether the son or plaintiff daughter was handed the summons, it is undisputed that the father was not served in hand.
The sheriffs return and defendant Van both claim abode service was made upon the senior Lawrence Osterling. Abode has been defined to be that location where the defendant "would most likely have knowledge of service of process and is generally recognized as the place where he is living at the time of service." Grayson v. Wofsey, Rosen, Kweskin Kuriansky,40 Conn. Sup. 1, 3 (1984). The place of abode is a question of fact for the court to determine in light of the circumstances. Plonski v.Halloran, 36 Conn. Sup. 335, 336 (1980). The court finds that on the date of service the apportionment defendant did not reside at 138 Federal Street in Bristol but at 64 Burlington Avenue in Burlington. Mr. Osterling senior never stayed nor lived at the Federal Street address, nor received mail there. It was not his abode.[2]
For the above reasons, the Motion to Dismiss the apportionment complaint is granted.
JAMES T. GRAHAM JUDGE, SUPERIOR COURT