[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO DISMISS APPORTIONMENT COMPLAINT
This memorandum of decision addresses the plaintiffs Motion to Dismiss the apportionment complaint presented on behalf of the defendants Town of East Granby and Linda L. Rossetti. (# 111).[1] The underlying action arises from injuries sustained by Carole Lemp on September 9, 1994, when she was attacked in East Granby by a dog owned by the Pericozzi family. The original complaint, dated April 28, 1999 and bearing a return date of May 25, 1999, was brought against the Town of East Granby and Linda L. Rossetti, the town's dog warden and animal control officer, alleging their responsibilities for the plaintiffs injuries. The complaint further alleges that after the incident of September 9, 1994, the Pericozzi family moved from East Granby to a nearby town.
The defendants prepared an apportionment complaint, alleging that the dog's owners, Carole and John Pericozzi,[2] were liable for the injuries at issue. The apportionment complaint, dated July 22, 1999 and bearing a return date of August 24, 1999, was ostensibly served upon the apportionment defendants on July 26, 1999 at their "usual place of abode . . . 65 Lang Road, in the . . . Town of Windsor, County of Hartford." Return of Deputy Sheriff Frank Monico, dated July 26, 1999. This complaint shows no indication that it was served upon the plaintiffs or their counsel, as required by General Statutes § 52-102b (a).[3]
The apportionment defendants have not filed an appearance in that pending action.
The parties raise several issues in support of and in opposition to dismissing the apportionment complaint. The plaintiff moves for dismissal on two separate grounds, each maintaining that the apportionment complaint is not properly before the court. First, the plaintiffs claim that due to insufficient service of process upon the Pericozzis, the apportionment complaint should not be heard. Specifically, the plaintiffs claim that the defendants have not complied with the edicts of § 52-102b
(a) by failing to serve the apportionment complaint upon the defendants within 120 days of May 25, 1999, the return date established through the original complaint. Second, the plaintiffs assert that the defendants failed to serve them with a copy of the apportionment complaint on or CT Page 7035 before August 24, 1999, the return date set forth through the apportionment complaint, as required by the statute at issue.[4] In response, the defendants implicate the jurisdiction of this court, contending that the plaintiffs do not have standing to challenge the service of the apportionment complaint upon the apportionment defendants. The defendants further argue that any failure to serve the plaintiffs with a copy of the complaint, as required by § 52-102b (a) should not defeat the complaint in its entirety, but should act to toll the effect of the sixty day period following the return date within which the plaintiff could assert direct claims against the apportionment defendants, pursuant to § 52-102b (d).[5]
This matter was first presented at a short calendar hearing on May 22, 2000. Given the potential implications of § 52-102b (d), the matter was presented again at a special evidentiary session scheduled for June 2, 2000. After hearing and consideration of the legal arguments and affidavits presented by the parties, the court finds the operative issues in favor of the plaintiffs.
It is well-acknowledged that "[a] motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985), citing Practice Book § 10-31. "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-180, 554 A.2d 728
(1989).
 I STANDING
The court will first address the defendants' contention that the plaintiffs lack standing to challenge the service of the apportionment complaint upon the apportionment defendants. "[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point CT Page 7036 in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656,674 A.2d 821 (1996). Neither the parties nor the court's research have disclosed any appeals level or superior court decisions which specifically address the issue of whether the plaintiffs in the original complaint have standing to contest the sufficiency of service of process upon apportionment defendants in an action derived from the application of § 52-102b (a), although other trial courts have construed the rights of apportionment defendants to test the sufficiency of service of process upon them. See, e.g., Gallman v. D'Amore, Docket No. CV98-0420851, judicial district of New Haven (August 9, 1999) (Devlin, J.) (upon their motion, apportionment complaint dismissed due to defective service upon apportionment defendants); Ossterling v. Van, Docket No. 95-0469213, judicial district of Hartford/New Britain at New Britain, (July 15, 1997) (Graham, J.) (upon his motion, apportionment complaint dismissed due to defective service upon apportionment defendant).
The plaintiff cites Malerba v. Cessna Aircraft Company, 210 Conn. 189,554 A.2d 287 (1989) for the general proposition that a plaintiff has standing to challenge the sufficiency of a third party complaint, and analogizes that factual situation to the present action, where discrete issues involving the parties' rights have been raised through the application of § 52-102b.[6] The court's attention has also been drawn to the well-reasoned basis for the trial court's decision in Eskinv. Castiglia, which this court acknowledges as setting forth an appropriate basis for determining whether the plaintiffs have standing in this matter, specifically involving apportionment issues. Eskin v.Castiglia, Docket No. CV 96 00334760 (Dec. 28, 1998) (Nadeau, J.). InEskin, the plaintiff in the originating action had moved to strike the defendant's apportionment complaint claiming that this complaint had named only "Jane Doe" as a defendant and that unknown persons could not properly to be named in apportionment complaints brought pursuant to § 52-102b. The court in Eskin reasoned that although an apportionment complaint "`is filed by a defendant against a non-defendant, who once served becomes a party, the statute treats such pleadings as the equivalent in all respects to the writ, summons and complaint of the original action . . . Based on the language of statute as well as a common sense understanding of the apportionment practice, the courtconcludes that a plaintiff has the right to raise any procedural orsubstantive motions against an apportionment complaint.' (Internal quotation marks omitted.) Catalan v. Machnik Construction Co., Superior Court, judicial district of New London at New London, Docket No. 535192, (March 8, 1996) (Austin, J.)." (Emphasis added.) Eskin v. Castiglia, supra, Docket No. CV 96 00334760. As another trial court has cogently noted, "[c]learly a plaintiff has a direct interest in the jurisdiction of the court over an apportionment defendant and an original defendant's claims for apportionment. These issues significantly impact on the rights CT Page 7037 of the plaintiff to satisfy a judgment and to assert claims against the apportionment defendant." Pashley v. Hairston, Docket No. 384639, judicial district of New Haven at New Haven (February 14, 1997) (Fracasse, J.).
Utilizing those principles in the factual circumstances presented by this case, the court must identify and respect the rights available to the original plaintiffs, as against the apportionment defendants, which are established through a "common sense" application of § 52-102b (a) and (d). See Pashley v. Hairston, supra, Docket No. 384639; Eskin v.Castiglia, supra, Docket No. CV 96 00334760s. Those rights are specific to the original plaintiffs, effectively confer procedural and substantive privileges beyond those asserted in the original complaint, and, through the operation of the statute, enable a plaintiff to satisfy a judgment and to assert claims against the apportionment defendant. See Eskin v.Castiglia, Docket No. CV 96 00334760, supra. As the plaintiffs here submit, if the apportionment defendants are not subject to sufficient service of process, and they therefore do not become parties to the action as a matter of law, the plaintiff would obviously be prohibited from asserting any valid claims against the apportionment defendants. Given the weighty nature of the rights established on the plaintiffs' behalf through § 52-102a (a) and (d), this court cannot, in reason, accord to the plaintiffs any less standing than that which would be attributed to the apportionment defendants: both sets of parties should have the privilege of testing the sufficiency of the service of process upon the apportionment defendants, to ensure the full and fair operation and effect of § 52-102a (a) and (d). As there is no valid reason why the plaintiffs should not be permitted to pursue their motion to dismiss, which would effectively resolve the issue of whether they can assert claims against the apportionment defendants pursuant to § 52-102a
(d), this court finds that the plaintiffs have standing to address the issues now before the court. See Pashley v. Hairston, supra, Docket No. 384639; Eskin v. Castiglia, supra, Docket No. CV96-00334760.
 II FAILURE TO CERTIFY SERVICE OF THE APPORTIONMENT COMPLAINT
The court will next address the plaintiffs' claim that the apportionment complaint must be dismissed because the defendants failed to serve them with a copy of the apportionment complaint on or before the return date set forth through the apportionment complaint. The defendants do not deny that their complaint fails to contain a certification, pursuant to Practice Book Sections 10-12, 10-13, and 10-14, upon which the court could rely for a presumptive conclusion that they had, indeed, CT Page 7038 complied with the statutory mandate of service established by § 52-102b
(a). Compare Boland v. Frye, Docket No. CV97-0483093, judicial district of Hartford/New Britain at New Britain (October 8, 1998) (Leheny, J.). The defendants' counsel has not provided the court with an affidavit or other evidence indicating that the apportionment complaint was served upon the plaintiffs or their counsel pursuant to the applicable rules of practice, indicating only that the custom and practice of a legal assistant, working with counsel's law firm, was "to send a copy of all pleadings to all counsel to record when a pleading is filed with the Court." Affidavit of Gale Codrington, Exhibit A to the Defendants' Objection to Plaintiff's Motion to Dismiss the Apportionment Complaint.
Notwithstanding the defendants' apparent non-compliance with the strictures of § 52-102b (a), however, the plaintiffs admit that they "learned of the existence of the Apportionment Complaint on April 4, 2000 when Defendants moved to default the apportionment defendants."[7]
Plaintiffs' Memorandum in support of the motion to dismiss (May 4, 2000). Upon this notice, the "service" provisions of § 52-102b (a) were fulfilled in fact, if not in form. Acknowledging the weight of the defendants' argument, the court finds that the remedial provisions of § 52-102b (a) more fairly operate, in circumstances such as presented by this particular case, by acting to toll the effect of the sixty day period following the return date within which the plaintiff could assert direct claims against the apportionment defendants, pursuant to §52-102b (d). Given that the plaintiffs have been provided with a timely opportunity for hearing and resolution of their motion to dismiss the apportionment complaint, notwithstanding the "small window" provided by the sixty day period for direct pleading against the apportionment defendants that is contemplated by § 52-102b (d), the purpose of the "service" provisions of that statute have been met.[8] See Boland v.Frye, supra, Docket No. CV97-0483093. Accordingly, the plaintiffs cannot prevail on this issue.[9]
 III INSUFFICIENT SERVICE OF PROCESS UPON APPORTIONMENT DEFENDANTS
Addressing the final aspect of the plaintiff's claims, and having found that the plaintiffs have standing to raise such an issue in this proceeding, the court finds that they indeed present a valid basis for dismissal of the apportionment complaint, though their claims related to the service of process upon the apportionment defendants. The plaintiffs approach this issue through two arguments. First, they rely upon the factual claim that the Pericozzi's were never properly served because the sheriff delivered the apportionment complaint to a residence in Windsor CT Page 7039 at which the defendant were no longer tenants. Second, they submit that the apportionment complaint must be defeated because the time period permitted for service upon the apportionment defendants, being within 120 days of May 25, 1999, the return date established through the original complaint, has expired, eliminating the defendant's authority to issue such a complaint pursuant to § 52-102b (a).
Viewed in this light, the first aspect of the plaintiff's argument requires an evidentiary hearing, as a party "who wishes to claim that abode service is improper must product evidence in support of that claim at a hearing on the motion to dismiss." (Footnotes omitted.) R. Dupont, 1 Dupont on Connecticut Civil Practice (2000 Ed.) § 10-30.1, p. 390. The burden of proof of the failed or insufficient service of process rests upon the movant, here, the plaintiffs in the original action. See Stephenson's Connecticut Civil Procedure (3rd Ed.) § 62, p. 208-09. The plaintiff Carole Lemp has submitted an a affidavit intended to dispose of the factual issues related to the Pericozzi's residence at a place other than 63 Lang Lane in Windsor at the time service of process was attempted. Plaintiffs' Memorandum in support of the motion to dismiss (May 4, 2000) (affidavit of Carole Lemp dated May 3, 2000)[10] The submission of a single, self-serving affidavit where the facts are not apparent on the fact of the record . . . does not dispense with the need for an evidentiary hearing, however. Because of the need for an evidentiary hearing, the only useful purpose served by the affidavits is to shorten the hearing or even make one unnecessary where it appears that the facts are admitted or undisputed." (Footnotes omitted.) 1 Dupont on Connecticut Civil Practice (2000 Ed.) § 10-30.1, p. 391.
It is generally acknowledged that "[o]ne who is not served with process does not have the status of a party to the proceeding. . . . [as a] court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Delio v. EarthGarden Florist, Inc., 28 Conn. App. 73, 77, 609 A.2d 1057 (1992). Accordingly, failure to make proper service of process will render a complaint a nullity, and remove its allegations from any consideration by the court. See Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53-54,459 A.2d 503 (1983) (when jurisdiction is based upon abode service, the matters stated in the sheriff's return confers presumptive jurisdiction).
Where sufficiency of the service of process and the resulting jurisdiction of the court are placed at issue through a motion to dismiss, "[t]he record, including the return of process, is taken as true, until the movant produces evidence to the contrary." 1 Dupont on Connecticut Civil Practice, supra, p. 391. As noted in this case, the record establishes that the sheriff provided service of the apportion complaint upon the apportionment defendants at what he apparently took to CT Page 7040 be their "usual place of abode . . . 65 Lang Road, in the . . . Town of Windsor, County of Hartford" on July 26, 1999. The authority for abode service is established through General Statutes § 52-54, which provides, in pertinent part: "The service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy at thedefendant's usual place of abode." In Connecticut practice, it is axiomatic that "usual place of abode" is defined as" the place where the person is living at the time of service. Grant v. Dalliber, 11 Conn. 234,238 (1836)." Gallman v. Damore, supra, Docket No. CV98-0420851. Determination of whether service was made at the defendants' usual place of abode" is a question of fact for the court to determine in the light of all relevant attendant circumstances. Ossterling v. Van, supra, Docket No. CV95-0469213, citing Grayson v. Wofsey, Rosen, Kweskin Kuriansky,40 Conn. Sup. 1, 3, 478 A.2d 629 (1984).
At the hearing on June 2nd, in lieu of testimony supporting their motion to dismiss, the plaintiffs submitted several additional affidavits and certified documents. They proferred these materials in an effort to establish that on July 26, 1999, the date of ostensible service of process upon the Pericozzis, the apportionment defendants did not reside at 65 Lang Road in Windsor, and that they therefore were not subject to abode service at that address. These documents included a warrantee deed, indicating that the property at this address was owned by Frank Pizzoni and Izabel Pizzoni; an assessor's statement from the Town of East Granby, establishing that Frank Pizzoni and Izabel Pizzoni were responsible for paying the real estate taxes imposed upon that property; and affidavits from John Pizzoni and Izabel Pizzoni, indicating that for many years prior to 1998, Izabel Pizzoni had leased the premises at 65 Lang Road to John and Carole Pericozzi, but that the Pericozzis were evicted from these premises for non-payment of rent pursuant to a court order dated September 29, 1998, and that thereafter Izabel Pizzoni has personally occupied the residence at that property, along with her son, John Pizzoni. Most compelling was the Summary Process Execution for Possession order issued by the Housing Court under date of August 25, 1998 and executed September 29, 1998, effectively evicting the Pericozzis from their tenancy at 65 Lang Road in Windsor. These documents and affidavits were neither contested nor disputed by the defendants at the June 2nd hearing.
Taken in their entirety, these materials form a sufficient basis for the court's assessment of whether the plaintiffs have overcome the presumption that the sheriffs return represents lawful service upon the apportionment defendants. See Boland v. Frye, supra, Docket No. CV97-0483093 (court relied upon affidavits in denying apportionment defendants' motion to dismiss apportionment complaint). The inescapable CT Page 7041 inference is that the Pizzoni family occupied 65 Lang Road in Windsor on July 26, 1999, in the absence of the then-evicted Pericozzis.
After due consideration of the record, the arguments of counsel, and the affidavits of the parties, the court therefore finds that on the date of apparent "service of process", the apportionment defendant did not receive abode service at 65 Lang Road in Windsor. Rather, the evidence supports the reasonable conclusion that as of July 26, 1999, the defendants, Carole and John Pericozzi, neither resided in nor were living at the residence located at that address on that date, as the property was solely inhabited by its lawful owner, Izabel Pizzoni, along with her son, John Pizzoni. The service of process upon the apportionment defendants having been made at a place other than their usual place of abode, the court must find that the service of process was a nullity. Accordingly, through this insufficient service, no jurisdiction was acquired against either defendant which would have otherwise authorized the court to render a valid judgment against either of them. See Plan v.Delgado, 41 Conn. Sup. 367, 370, 576 A.2d 603 (1990) (Hammer, J.).
The second aspect of the plaintiffs claim of insufficiency of service must yet be addressed in disposing of their motion and the defendants' objection. Here, the plaintiffs have claimed that the time period permitted for service of a complaint addressed to the apportionment defendants, being within 120 days of May 25, 1999, the return date established through the original complaint, has expired, thereby eliminating the defendant's authority to issue such a complaint as permitted by § 52-102b (a). The court acknowledges that the appropriate time period for service of process upon the apportionment defendants, as contemplated by § 52-102b (a) had, indeed, terminated with the passing of 120 days after May 25, 1999. The defendants here raise no claim of surprise or lack of notice, such as that raised by the plaintiffs in complaining that they were not properly served with a copy of the apportionment complaint. The defendants attempted to serve process upon the apportionment defendants, and such service was insufficient. The time limitations of § 52-102b (a), with the "small window" of opportunity for filing an apportion complaint, have apparently now closed out the defendants' option of bringing the Pericozzi's into the pending cause of action.
WHEREFORE, based on the lack of personal jurisdiction as to either of the apportionment defendants, the plaintiffs motion to dismiss (# 111) is hereby GRANTED by the court.
BY THE COURT,
N. Rubinow, J. CT Page 7042