UYEN PHAN ET AL. *v.* GILBERTO DELGADO ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO: 316999
HARTFORD/NEW BRITAIN AT HARTFORD

Memorandum filed January 2, 1990

*Riscassi & Davis,* for the plaintiffs.

*Acker, Nirenstein & Horowitz,* for the defendants.

HAMMER, J. The defendants Sandra Vera (nee Sandra Delgado), and her husband, Luis Vera, have moved to open a judgment against them in the amount of $45,000 which was rendered by the court, *Fracasse, J.,* on January 25, 1989, following a hearing in damages after they had been defaulted for their failure to appear. Their reasons for requesting that the court open the judgment, as stated in their joint motion of May 23, 1989, and in the individual affidavits each has submitted in support of the motion, are: (1) that they were not properly served with the writ, summons and complaint; (2) that they learned of the action only when they received the plaintiffs' postjudgment interrogatories; and (3) that they had a valid defense to the plaintiffs' claims at the time judgment was rendered.

At the evidentiary hearing conducted by the court to determine the factual issues raised by the defendants' affidavits; see *Garden Mutual Benefit Assn.* v. *Levy,* 37 Conn. Sup. 790, 437 A.2d 141 (1981); the plaintiffs relied principally on the sheriff's return dated April

14, 1986, which stated that the defendants were served at their "usual place of abode . . . at 236 Park Terrace, Apt. B, in the town of Hartford." They also introduced into evidence a motion for default for failure to appear dated June 6, 1986, which, pursuant to Practice Book § 352 (b), had been sent to the defendants by certified mail addressed to them at Apartment B, 236 Park Terrace, Hartford, together with a return receipt signed by Sandra Delgado. The plaintiffs also asked the court to take judicial notice of the military affidavit signed by their investigator, Thomas Flood, Jr., on May 30, 1986, which stated that he had spoken to Luis Vera, and that after conducting an investigation of the defendants, had ascertained that none of the defendants was in any of the branches of the military service "and that their present address is 236 [Park] Terrace, Apt. B, Hartford, Connecticut."

The plaintiffs also introduced a notice of deposition dated October 22, 1986, which stated that the deposition of the defendant, Luis Vera, would be taken by counsel for the plaintiffs on November 25, 1986, and a subpoena addressed to Luis Vera at 236 Park Terrace, Apartment B, Hartford, directing him to appear at the deposition. The first page of Luis Vera's deposition taken on that date indicates that the plaintiffs' attorney introduced himself by stating that he represented the plaintiffs Uyen Phan and his mother, Lien Dong, in this case, and that Vera answered "yes" when he was asked whether he realized that he was "a defendant in this case along with others." He also stated that he did not realize that he was not yet represented by an attorney.

The plaintiffs' attorney completed his offer of proof by submitting his own affidavit, which was filed in response to the defendants' motion, in which it was stated that in the course of deposing Luis Vera he "examined him extensively on his intentions to secure

representation in this matter [and that Vera] repeatedly stated that he was unsure if he would get an attorney or not." The attorney also stated in his affidavit that he had "spoken with sheriffs who have served two sets of complaints on all named defendants and have been assured that all complaints were served properly."

Luis Vera testified that he and his wife, whose name prior to marriage was Sandra Delgado, lived in Apartment D, rather than Apartment B, of the building at 236 Park Terrace on April 14, 1986, and that they had lived in that apartment since August, 1985. He stated that he had not received any notice that this case had been brought, although he acknowledged on cross-examination that his wife had signed the return receipt for the copy of the default motion sent by the plaintiffs' attorney.

Sandra Vera was present in the courtroom during the hearing but was not called as a witness. The only other evidence offered by the defendants, apart from Luis Vera's testimony was one page of his deposition of November 25, 1986, in which the following colloquy appears after he states that he had just moved to 350 Hillside Avenue in Hartford:

"Q. Prior to that did you live at 236 Park Terrace, Apartment B, in Hartford?

"A. That's correct, Apartment D.

"Q. D as in David or dog?

"A. Yes."

The chief purpose of the statutory requirement that service of civil process be made at the defendants' usual place of abode "is to ensure actual notice to the defendant that the action is pending." *Clover* v. *Urban,* 108 Conn. 13, 16, 142 A. 389 (1928); General Statutes § 52-54. In order to accomplish that purpose, where the

party to be served lives in a multi-family building, service must be made at the apartment actually occupied by the defendant. *Clover* v. *Urban,* supra, 17.

Where an officer attests that the place where the summons was served was the defendants' usual place of abode, he is attesting to a fact which, unlike the fact of personal or in-hand service, is ordinarily not within his own personal knowledge. *Four Lakes Management & Development Co.* v. *Brown,* 129 Ill. App. 3d 680, 684, 472 N.E.2d 1199 (1984). Accordingly, the rule that an officer's return is only prima facie evidence of the facts stated therein and may be contradicted by showing the facts to be otherwise is particularly applicable where the validity of abode service is challenged. See *Cugno* v. *Kaelin,* 138 Conn. 341, 343, 84 A.2d 576 (1951). Where there is undisputed evidence that the officer mistakenly left the process at a place other than the defendants' place of abode, the court must find that there was no service of process and that it "acquired no jurisdiction over the person of the defendant . . . which would authorize it to render a valid judgment against him." Id.; *Buckingham* v. *Osborne,* 44 Conn. 133, 140–41 (1876).

Where the jurisdictional facts are disputed, the issue of whether service was made at the defendants' usual place of abode is a factual one and the burden of proving the allegations of a defendants' motion to vacate the judgment based on the claimed invalidity of such service rests upon the moving party. *Genung's, Inc.* v. *Rice,* 33 Conn. Sup. 554, 557, 362 A.2d 540 (1976). The court's determination of the jurisdictional issue must be based only on the evidence presented at the hearing and the defendants' affidavits in support of the motion may not be considered as evidence to support their claims that the court lacks jurisdiction. *Collins* v. *Scholz,* 34 Conn. Sup. 501, 506 n.2, 373 A.2d 200 (1976).

It should be noted that Sandra Vera was a defendant in her own right in this case as the mother of the named defendant, Gilberto Delgado, a minor, under General Statutes § 52-572 which imposes liability for the torts of minor children upon their parents. Although she alleged in her separate affidavit in support of the motion to open that she had not been served, she chose not to testify on the critical and determinative issue in this case, namely, whether her place of abode at the time of service as well as that of Luis Vera was Apartment D rather than Apartment B as stated in the sheriff's return.

One of the earliest definitions of a person's "place of abode" was that it was "the place in which a married man's family resides, with his consent, and where he has voluntarily resided with them, as his home, and which he has never abandoned . . . unless such residence has been, and was intended to be, temporary and for transient purposes." *Grant* v. *Dalliber,* 11 Conn. 234, 237 (1836). The fact that Sandra Vera did not testify as a witness to confirm the jurisdictional claim that she made on her own behalf in her affidavit and to corroborate her husband's testimony as to their place of abode at the time of service properly gives rise to an inference that her testimony would have been unfavorable to them. See *Broderick* v. *Shea,* 143 Conn. 590, 593, 124 A.2d 229 (1956).

Where the defendant's testimony is substantive evidence produced by him and favorable to him, it may be assumed that it could easily be corroborated by a member of the family "who was specially situated to know the facts." *Baker* v. *Paradiso,* 117 Conn. 539, 546, 169 A. 272 (1933). It is reasonable to expect that a party would produce evidence that supports a claim that, without such favorable evidence, is based solely on the party's own testimony, particularly where he

has the burden of proof on that issue. *Grabowski* v. *Fruehauf Trailer Corporation,* 2 Conn. App. 167, 174, 477 A.2d 685 (1984).

It may be argued that under the circumstances of this case Sandra Vera's testimony would have been cumulative or that she was not called by the defendant for tactical reasons because she would have been subject to cross-examination as to the circumstances under which she signed the return receipt. Even if the court, as the trier of fact, chose not to apply the adverse inference in this case, however, the question remains as to whether the validity of abode service should be determined by the court in favor of the defendants based solely on his uncorroborated testimony that his place of abode was not at the location stated in the sheriff's return.

In a case where the defendants were husband and wife and both testified that they had not been served but offered no evidence to corroborate or support their denial of service, it was held that a properly executed return would not be invalidated upon the uncorroborated statements of the parties. *Powell* v. *Central Bank of the South,* 510 So. 2d 171, 172 (Ala. 1987). A mere denial by the defendants unsupported by corroborating evidence or circumstances should not be enough to justify the vacating of a judgment because "[t]o permit a defendant to impeach a summons by simply denying service would create chaos in the judicial system." *Slomowitz* v. *Walker,* 429 So. 2d 797, 799 (Fla. App. 1983).

"The rule that an officer's return of service may not be set aside upon the [uncontradicted] testimony of one witness does not place an undue burden on a person who in truth has not been legally served." *Guthrie* v. *Ray,* 293 N.C. 67, 72, 235 S.E.2d 146 (1977). The court observed that it would be a "rare occasion" when a

party who had not been served in accordance with legal requirements would be unable to corroborate his testimony through that of his neighbors, friends or family or by way of documentary evidence. Id.

For the foregoing reasons, the court finds that the defendants have not sustained their burden of proof that they were not served pursuant to § 52-54 and § 52-57 (a).

Accordingly, the defendants' motion to open the judgment entered by the court on January 25, 1989, is denied.