[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS (#116)
On October 30, 1989, the plaintiff, James F. McKenna, in his capacity as trustee, filed a complaint against Holly Blinkoff, the defendant. The plaintiff's writ, summons and complaint were served on October 25, 1989, at 241 Ledge Drive, Torrington, Connecticut. The sheriff believed this to be the defendant's usual place of abode, but the defendant claims to have vacated this residence at least five years earlier. On July 23, 1991, a default judgment was entered against the defendant, who subsequently moved to set aside said default judgment. On September 23, 1991, the court, Pickett, J., granted the motion and, on September 24, 1991, the defendant filed a motion to dismiss for lack of personal and subject matter jurisdiction and attached thereto a supporting memorandum. On October 15, 1991, the plaintiff filed an opposing memorandum.
The motion to dismiss is the proper manner by which to assert lack of jurisdiction over both the subject matter and the person. Practice Book 143. Although "every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers,215 Conn. 701, 710, 579 A.2d 1 (1990), whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed. Practice Book 145. See also Castro v. Viera,207 Conn. 420, 429-30, 541 A.2d 1216 (1988).
In its memorandum in support of its motion, the defendant states, inter alia, that because service was made at an abode not belonging to the defendant, this court lacks jurisdiction over the defendant.
The plaintiff, in its memorandum, states, inter alia', that the sheriff, in serving the process, justifiably relied on the records of the City of Torrington and, therefore, the motion to dismiss should be denied.
Where "there is undisputed evidence that the officer mistakenly left the process at a place other than the defendant's place of abode, the court must find that there was no service of process and that It `acquired no jurisdiction over the person of the defendant. . . which would authorize it to render a valid judgment against him.'" Uyen Phan v. Delgado, 41 Conn. Sup. 367,370, 576 A.2d 603 (January 2, 1990), Hammer, J.) (quoting Cugno v. Kaelin, 138 Conn. 341, 343, 84 A.2d 576 (1951).
The defendant has attached to her memorandum an affidavit CT Page 9458 in which she states that she vacated her 241 Ledge Drive residence and has not lived there for over five years preceding the date of the alleged service. The defendant has also submitted a notarized letter from the City of Torrington's Office of Assessor, in which the chief clerk states that on October 1, 1989, the defendant's mailing address for tax purposes was 48 Knollwood Lane, Avon, Connecticut. The defendant has also introduced two letters, postmarked August 26, 1987, from the Torrington Tax Collector addressed to the defendant at 48 Knollwood Lane, Avon, Connecticut. In response, the plaintiff attached to its memorandum a copy of a warranty deed in which the phrase "Holly Blinkoff of Torrington, CT. . ." appears. This deed was signed March 26, 1987, and was recorded March 31, 1987. The plaintiff also submits a copy of the assessor's card for the property transferred by the aforementioned warranty deed. The defendant's address is listed as that at which service was made, but the date on this exhibit is March 31, 1987. Service in this case was made on October 25, 1989, more than two years after the latest date on the plaintiff's exhibits. The plaintiff has offered no evidence that the defendant lived at the 241 Ledge Drive residence when service was made. Rather, it has attached exhibits in an attempt to justify its place of service. Therefore, the defendant has Introduced undisputed evidence that the officer mistakenly left the process at a place other than the defendant's place of abode. Consequently, the court has acquired no jurisdiction over the person of the defendant and the motion to dismiss is granted.
SUSCO, J.