[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants Joel M. Rein, M.D., and Joel M. Rein, M.D., P.C. have moved to dismiss this action against them, claiming the court lacks personal jurisdiction over them. Dr. Rein alleges that he was never served with the summons and complaint in this action. Joel M. Rein, M.D., P.C. (the "Corporation") contends that the manner in which it was served was improper for a Connecticut corporation with a designated agent for service of process. The plaintiff disputes both claims, relying on the sheriff's return of service and affidavit.
General Statutes § 52-57(a) provides that service of process on an individual defendant shall be made by leaving a copy (a) with the defendant or (b) at his or her usual place of abode. Where jurisdiction is sought over an individual residing in Connecticut, there must be either "in hand" or abode service. CT Page 1289Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163
(1989).
Generally, the burden of proof is on the defendant with respect to jurisdictional issues raised by the defendant; this is because of the presumption of the truth of the facts stated in the officer's return. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53 (1983). However, the return may be contradicted and the court may find contrary to the return.Hasler v. T.H. Canty Co., 138 Conn. 341, 343 (1951).
In this case there is a presumption of abode service for Dr. Rein based on the sheriff's return. Dr. Rein apparently does not dispute that 444 Cognewaugh Road, Cos Cob is his principal place of abode. His claim, therefore, is simply a denial of service. Under such circumstances, the presumption in favor of service must be sustained. A denial of service by the defendant which is not corroborated by any other evidence, details or circumstances is insufficient to overcome the prima facie evidence of the sheriff's return. Uyen Phan v. Delgado,41 Conn. Sup. 367, 372-3 (1990). Accordingly, the defendant Dr. Rein has failed to sustain his burden of proof on the motion to dismiss, which is denied as to Dr. Rein personally.
With respect to the Corporation, the sheriff apparently purported to make service under General Statutes § 33-297, which provides in pertinent part as follows:
 (a) Any process, notice or demand in connection with any action . . . to be served upon a corporation . . . may be served upon the corporation's statutory agent for service . . .
 (b) If it appears from the records of the secretary of the state that such a corporation has failed to appoint or maintain a statutory agent for service, or if it appears by affidavit attached to the process, notice or demand of the officer or other proper person directed to serve any process, notice or demand upon such a corporation's statutory agent for service . . . that such agent cannot, with reasonable diligence, be found at the address shown on such records . . . such process, notice or demand on such corporation may, when timely made, be made by such officer or other proper person by: (1) Leaving a true CT Page 1290 and attested copy thereof together with the required fee at the office of the secretary of the state or depositing the same in the United States mails, by registered or certified mail, postage prepaid, addressed to such office, and (2) depositing in the United States mails, by registered or certified mail, postage prepaid, a true and attested copy thereof, together with a statement by such officer that service is being made pursuant to this section, addressed to such corporation at its principal office.
(Emphasis added.) The sheriff's original return of service reads as follows with respect to service on the Corporation on October 8, 1992:
 2. Later in the same place, two true and attested copies were left with the Office of the Secretary of the State of Connecticut, along with the statutory fees; for service upon: Joel M. Rein M.D. P.C., I also placed in a letter, postage pre-paid, certified (P411563716), and return receipt requested directed to Joel M. Rein M.D., P.C., 2 1/2 Dearfield Dr., Greenwich, CT;
In opposition to the motion to dismiss, the plaintiff contends that the Corporation was served "in strict compliance with § 33-297". The plaintiff filed an affidavit from the sheriff which states that he attempted to locate the listed statutory agent for the corporation, but found that the person named was "no longer a practicing attorney nor was he available for service; and after several attempts to locate an officer or principal of the corporation and being unable to locate an officer or principal of the corporation; . . ." he made service on the Secretary of the State and by mailing a certified copy, return receipt requested, to the corporation in accordance with General Statutes § 33-297. In his affidavit, Dr. Rein states that he is the president of the Corporation and he never received the summons and complaint in this action.
Although generally there is a presumption of service in the manner set forth in the sheriff's return, the presumption does not apply where jurisdiction is based on constructive service.Standard Tallow Corporation v. Jowdy, supra, 53. It is particularly appropriate to deny the benefit of the presumption here because the sheriff's return fails to comply with the CT Page 1291 requirements of § 33-297(b). Service was not in "strict compliance" with the statute because the sheriff failed to prepare and attach his affidavit, which is required by the statute to be attached to the process. The sheriff never amended his return, even after the filing of the motion to dismiss, to conform to the statutory requirement.
The court further notes that the sheriff has not produced any receipt evidencing his mailing of the summons and complaint by certified mail, return receipt requested nor has he produced a signed receipt evidencing the corporation's actual receipt of the summons and complaint through the mail. Finally, the court expresses its skepticism of the accuracy of the allegations of the sheriff's affidavit filed in opposition to the motion to dismiss. Although the sheriff claims to have made several unsuccessful attempts to locate an officer or principal of the corporation before making service on the secretary of the state, his return shows that he began his service on the many defendants in this action in Hartford. The Corporation's office is in Greenwich and the sheriff could have made service on the Corporation by simply visiting its office during business hours and leaving the summons and complaint with any person who was then in charge of the office. General Statutes § 52-57(c). However, the sheriff's return shows that he began service in Hartford on October 8 and went to Greenwich (to make abode service on Dr. Rein) only after completing his Hartford service, which included constructive service on the Corporation through the secretary of the state. Given these facts, it is difficult to credit the sheriff's claim to have made several unsuccessful attempts at actual service.
For the foregoing reasons, the court finds that service of process on the Corporation was insufficient to confer jurisdiction and the motion to dismiss is granted with respect to the corporate defendant, Joel M. Rein, M.D., P.C.
VERTEFEUILLE, J.