[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Sergio D. Francescon, M.D., has moved to dismiss this action against him, contending that he was not served with the summons and complaint. The sheriff, in his return and affidavit, claims that Dr. Francescon was served through abode service at 50 Pine Brook Court, Cheshire. Dr. Francescon, in his affidavit, denies ever receiving a copy of the summons and complaint at his abode or elsewhere.
General Statutes § 52-57(a) provides that service of process on an individual defendant shall be made by leaving a copy (a) with the defendant or (b) at his or her usual place of abode. Where jurisdiction is sought over an individual residing in Connecticut, there must be either "in hand" or abode service.Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163
(1989).
Generally, the burden of proof is on the defendant with respect to jurisdictional issues raised by the defendant; this is because of the presumption of the truth of the facts stated in the officer's return. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53 (1983). However, the return may be contradicted and the court may find contrary to the return. CT Page 1288Hasler v. T.H. Canty Co., 138 Conn. 341, 343 (1951).
In this case there is a presumption of abode service based on the sheriff's return. Dr. Francescon apparently does not dispute that 50 Pine Brook Court, Cheshire is his principal place of abode. His claim, therefore, is simply a denial of service. Under such circumstances, the presumption in favor of service must be sustained. A denial of service by the defendant which is not corroborated by any other evidence, details or circumstances is insufficient to overcome the prima facie evidence of the sheriff's return. Uyen Phan v. Delgado,41 Conn. Sup. 367, 372-73 (1990). Accordingly, the defendant has failed to sustain his burden of proof on the motion to dismiss, which is denied.