[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Two motions to dismiss have been filed in this action, the first by Patrick Felice, M.D., and Associated Plastic 
Reconstructive Surgeons, P.C. (the "Corporation") and the second by Bruce E. Burnham, M.D. All three defendants claim improprieties in service of process.
The first contention of both Dr. Felice and Dr. Burnham is CT Page 1486-H that they were not served with the summons and complaint at any time. The sheriff's return and his affidavits state that each doctor was served through abode service, at 11 Glen Hollow Lane, West Simsbury for Dr. Felice and at 1909 Main Street, East Windsor for Dr. Burnham. In each case the doctor admits that the stated address is his abode. However, both doctors deny ever receiving the summons and complaint.
General Statutes § 52-57(a) provides that service of process on an individual defendant shall be made by leaving a copy (a) with the defendant or (b) at his or her usual place of abode. Where jurisdiction is sought over an individual residing in Connecticut, there must be either "in hand" or abode service.Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163
(1989).
Generally, the burden of proof is on the defendant with respect to jurisdictional issues raised by the defendant; this is because of the presumption of the truth of the facts stated in the officer's return. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53 (1983). However, the return may be CT Page 1486-I contradicted and the court may find contrary to the return.Hasler v. T.H. Canty Co., 138 Conn. 341, 343 (1951).
In this case there is a presumption of abode service on both doctors based on the sheriff's return. Dr. Felice's claim is simply a denial of service. Under such circumstances, the presumption in favor of service must be sustained. A denial of service by the defendant which is not corroborated by any other evidence, details or circumstances is insufficient to overcome the prima facie evidence of the sheriff's return. Uyen Phan v.Delgado, 41 Conn. Sup. 367, 372-3 (1990). Accordingly, Dr. Felice has failed to sustain his burden of proof on this issue.
In support of his motion to dismiss, Dr. Burnham came to court and testified. He testified that his home at 1909 Main Street in East Windsor is not numbered and does not bear any exterior identification at all, including the fact that there is no mailbox with name or number. He further testified that the home is completely fenced in with a gate across the driveway. The gate is difficult to open from the outside because the latches are located on the inside portion of the gate Dr. CT Page 1486-J Burnham further testified that although the front door of the house does open, it bears five locks so it is opened only once each year, for a Christmas party. No party was held in 1992, however, when service was allegedly made. The front door is never used for visitors or for occasions other than the Christmas party. Dr. Burnham further testified that there are many Burnhams who live on Main Street in East Windsor.
The affidavit filed by the sheriff states that he made service at the Burnham home by leaving the summons and complaint on the floor inside the front door. The sheriff states that the front door was answered and opened by a boy. Although Dr. Burnham has three sons, he testified that all of them denied the service of any papers when he questioned them.
In this case there is a presumption of abode service on Dr. Burnham based on the sheriff's return. However, Dr. Burnham's testimony contradicts the return. The court found Dr. Burnham to be a credible witness who provided convincing details showing the unlikelihood that the sheriff left the papers at the correct address. The court finds that Dr. Burnham has sustained his CT Page 1486-K burden of proof with respect to the lack of service of process in this action. In the absence of proper service, the court does not obtain personal jurisdiction over the defendant. Therefore, the motion to dismiss filed by Dr. Burnham is granted.
Dr. Felice raises a second issue in his motion to dismiss, this time relating to the timeliness of service. The Corporation acknowledges the receipt of a copy of the summons and complaint by certified mail on December 30, 1992. Believing that this was an attempt to make personal service on him, Dr. Felice contends that this service was too late in that the papers arrived on December 30, 1992, only six days before the return date and therefore in violation of General Statutes § 52-46, which requires service twelve days before the return date. Careful review of the sheriff's return and the plaintiff's response to the motion to dismiss clarify that the service by mail was not an attempt to make service on Dr. Felice, but was part of the service on the Corporation. It therefore is unnecessary to address this second claim. Having previously found that Dr. Felice was properly served through abode service, CT Page 1486-L the court denies the motion to dismiss with respect to Dr. Felice.
The motion to dismiss also claims two deficiencies with respect to the purported service on the Corporation. The first claim is that service was made less than twelve days before the return date of January 5, 1993. This claim is predicated on the assumption that service was made on December 30, 1992, when a copy of the summons and complaint came by certified mail to the office of the Corporation. However, service on the Corporation was purportedly made under General Statutes § 33-297(b), which allows service on the secretary of the state and by mail under certain circumstances. Section 33-297(c) specifically provides that service made in this fashion is effective as of the date and time of filing with the secretary of the state. According to the sheriff's return, he served the secretary of the state on December 7, 1992, which is more than twelve days prior to the return date, in compliance with General Statutes § 52-46. Therefore, there is no merit to the Corporation's claim of untimely service.
The Corporation's second claim is that the method of CT Page 1486-M service on the Corporation was improper. The Corporation contends that it was not properly served as required by General Statutes § 52-57(c), which requires service on an officer or director of the corporation or the person in charge of the corporation's office. The Corporation's argument fails, however, to address General Statutes § 33-297, providing for service of process on the statutory agent of a corporation. The plaintiffs contend that the Corporation was served in compliance with § 33-297(b), in that after unsuccessfully attempting to locate the statutory agent or an officer of the Corporation, the sheriff made service on the secretary of the state and by mail as required.
After learning of the plaintiff's claim to have made service on the Corporation under § 33-297(b), the Corporation did not file any supplemental papers challenging that method of service. By the Corporation's own admission we know that it did receive the mailed copy of the summons and complaint. The court therefore finds that the Corporation was properly served in accordance with the requirements of General Statutes § 33-297(b). The motion to dismiss is denied with respect to the Corporation. CT Page 1486-N
VERTEFEUILLE, J.