[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 10, 1996
FACTS
This is an action in legal malpractice brought by the plaintiff, John Turner (Turner), against the defendant, Charlotte Croman, by a complaint filed with the court on January 31, 1996.
On February 20, 1996, the defendant filed a motion to dismiss the complaint claiming insufficiency of service of process. In her motion, the defendant claims that she is a resident of New York with two law offices in Connecticut. As such, she claims that service can only be properly made upon a non-resident by serving the Secretary of State in accordance with General Statutes § 52-59b. In this case, however, the defendant claims that the plaintiff's sheriff wrapped the writ and complaint around the doorknob of her Clinton law office. (Defendant's Affidavit, para. 4.)
The plaintiff counters that service was properly made pursuant to 52-57 (a) which allows civil service at a person's "usual place of abode." The plaintiff claims that the Clinton address is really a residence of the defendant in which she has a "home office." In response to the plaintiff's allegation, the defendant submitted a supplemental memorandum of law stating that even if the court deems her Clinton office to be her usual place CT Page 5053 of abode in Connecticut, service was still improper because the writ was left on the doorknob of the entrance to her law office, and not on her alleged residence door.
DISCUSSION
"The motion to dismiss shall be used to assert . . . (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record . . ." Practice Book § 143.
The sole issue in this case is whether the defendant's Clinton address can be considered the defendant's usual place of abode for purposes of service of process pursuant to 52-57 (a). Based on the testimony of the defendant, the court concludes that the defendant's Clinton address can and should be considered her usual place of abode while she is in the State.
"Connecticut decisions place great reliance upon a man's residence rather than upon his domicil. One may have more than one residence in the state and each may be "a usual place of abode," which has been determined to be a residence signifying a temporary place of habitation rather than a permanent place where one lives with the intention to remain. . . . A person may be a part-time or full-time resident of the state and he may have a `usual place of abode' outside the state and may have one within the state at the same time and each may be sufficient for service." (Citation omitted: emphasis added.) Capitol Light Supply Co. v. Gunning Electric Co., 24 Conn. Sup. 324, 326 (1963). "Usual place of abode has been defined as the place where the [defendant] is living at the time of service; the place where the defendant would most likely have knowledge of service of process; a defendant's residence . . ." (Citations omitted). Shawmut BankConnecticut v. Cook, Superior Court, judicial district of Middlesex at Middletown, Docket No. 73915S (February 25, 1995) (Walsh, J.)
The defendant testified that her permanent address is 14 Washington Place, New York, New York, and that she maintains two Connecticut law offices. One office is located at 251 Main Street in Old Saybrook, and the other office, where the writ was actually served, is located at 119 Beach Park Road, Clinton, Connecticut. The Clinton "office" is located in a mixed/residential area. A description of the interior revealed CT Page 5054 that the one floor building consisted of a kitchen and bedroom/sitting room, and that the office area is not really closed off from the rest of the interior but that "it goes in three different directions" into the rest of the house. The defendant also testified that she returns to Connecticut to attend to business on Fridays and stays in the state through the following Monday when she then leaves for New York. While in Connecticut attending to business, the defendant also testified that she sleeps at the Clinton address. There are no other offices located at the Clinton address.
A review of the file reveals that Sheriff, Robert E. Supple, Jr., attested that "he left a true and attested copy of the original writ, summons, and complaint at the usual place of abode of the within named defendant CHARLOTTE CROMAN at said 119 Beach Park Road, Clinton, CT."
 Where an officer attests that the place where the summons was served was the defendant's usual place of abode, he is attesting to a fact which, unlike the fact of personal or in-hand service, is ordinarily not within his own personal knowledge . . . Accordingly, the rule that an officer's return is only prima facie evidence of the facts stated therein and may be contradicted by showing the facts to be otherwise is particularly applicable where the validity of abode service is challenged . . . Where the jurisdictional facts are disputed, the issue of whether service was made at the defendant's usual place is abode is a factual one and the burden of proving the allegations . . . rests on the moving party.
 (Citation omitted.) Phan v. Delgado, 41 Conn. Sup. 367, 370 (1990).
The court concludes that the defendant has failed to meet her burden of proof. The testimony is clear that she usually sleeps at her Clinton "office" while in Connecticut, and that she returns on a regular basis over a four-day period to attend to business and other matters. Thus, the court would be hard pressed not to conclude that the Clinton address is at the very least a part-time usual place of adobe of the defendant.
The defendant further claims that even if this court were to hold that the Clinton address was her usual place of abode, CT Page 5055 service of process was still insufficient because the writ and complaint was left on the doorknob of the entrance to her office and not on the residence door. The defendant relies on the case of United States v. N. Tully Semel, Inc., 88 F. Sup. 732 (D. Conn 1949), for the proposition that service must be made on the actual residence door in order for service to be sufficient. The facts of this case, however, are clearly distinguishable from those of N. Tully. In N. Tully, process "was left in a business office of Semel opening off the opposite side of a common hallway from the door of the apartment used by the [defendant] as living quarters." Id. 733. The court therefor concluded that such service did not satisfy service at the defendant's usual place of abode.
In this case, however, the defendant testified that there are two doors entering into the Clinton address which are spaced approximately 60 feet across from one another. One door is used as an entrance to the office, and the other as an entrance to the living quarters. The defendant herself, however, testified that entering either door gave any person access to the entire first floor, and that the "office" was really not physically separated from the rest of the interior but that it went in three different directions. In contrast, in N. Tully, the facts show that the office was separate and apart from the defendant's usual place of abode and located at the opposite side of a common hallway
Merely because the defendant has two doors that enter into a common residence and home office is not sufficient to dismiss the case because the writ was left on one door and not the other. "The chief purpose of the statutory requirement that service of civil process be made at the defendant's usual place of abode `is to ensure actual notice to the defendant that the action is pending.'" Phan v. Delgado, supra, 41 Conn. Sup. 369.
Regardless of what door the writ was on, the defendant has notice of the action, and is not prejudiced in any way, shape, or form by the fact that the sheriff chose the door on the left over the door on the right. Thus, the court concludes that the sheriff made proper service at the defendant's usual place of abode pursuant to General Statutes § 52-57 (a).
CONCLUSION
For the above stated reasons, the defendant's motion to dismiss is denied. CT Page 5056
HURLEY, J.