[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Diane Ludacer, served a ten-count complaint CT Page 5261-VVVVVV against the defendants, Visual Design Group, Inc., Carl Marks 
Co., Inc., CM Capital Corporation, Carl Marks Consulting Group, Co., Bert Weil, and David Chirls on November 16, 1995, with a return date of December 15, 1995. The defendant, Bert Weil, filed a motion to dismiss (#101) dated January 19, 1996, claiming lack of personal jurisdiction.
"A motion to dismiss . . .'properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."' (Emphasis in the original.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." AmericanLaundry Machinery. Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983).
The defendant submitted an affidavit stating that he was not served personally or at his abode. Attached to the complaint is the return of the constable, dated November 20, 1995, who attests that he made abode service on Bert Weil at 104 Old Washington Road, in Ridgefield, the same address stated in the summons. The officer's return enjoys a presumption of truth. Standard TallowCorp. v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503 (1983). The affidavit by Weil in support of the motion to dismiss does not deny that he lives at that address in Ridgefield, but simply says he was "never at any time served . . . at my abode." An uncorroborated, self-serving affidavit is not sufficient to overcome the presumption. Uyen Phan v. Delgado, 41 Conn. Sup. 367,372-73, 576 A.2d 603 (1990); Gillanders v. Dow CorningCorp., Superior Court, Judicial District of Waterbury, Docket No. 304876 (Feb. 9, 1995, Vertefeuille, J.). Accordingly, the defendant's affidavit does not overcome the presumption of truth attached to the constable's return.
The defendant next argues that pursuant to General Statutes § 7-89, constables, although empowered to serve process, may not serve process outside of their jurisdiction. The constable who served the defendant is a constable in Stamford, and he served the defendant in Ridgefield.
General Statutes § 7-89 provides that "Constables shall have the same power in their towns to serve and execute all lawful process legally directed to them as sheriffs have in their CT Page 5261-WWWWWW respective counties . . . ." General Statutes § 52-56 (a) governs the power of an officer to serve process out of the officer's precinct. "If any officer has commenced the service of any civil process within his precinct, he may . . . serve the process upon any defendant named in the process outside his precinct." If there are two or more defendants, then "any officer may serve the process upon such of the defendants or garnishees as reside within his precinct, and may then (1) complete the service himself upon any defendant or garnishee resident outside his precinct . . . ." General Statutes § 52-56 (b). See alsoPantlin v. Chananie Dev. Corp. v. Hartford Cement, 196 Conn. 233,237-38, 492 A.2d 159 (1985). The constable's return reflects that Bert Weil was served on November 20, 1995, while the other defendants, one of whom was served in Stamford, three of whom were served via the Secretary of State, and one of whom was served by mail, were previously served on November 16 and 17, 1995. Accordingly, the defendant, Weil, was properly served by the constable outside his precinct, and the motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of August, 1996.
WILLIAM B. LEWIS, JUDGE