[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This matter has a return date of January 28, 1997 but on January 24, 1997 it was removed to the United States District Court of Connecticut by the defendants. The removal procedures was dictated by the provisions of the Federal rules which included notice to this court's clerks office. See, Exhibit A, document #101 of this file. The plaintiff moved to remand on February 5, 1997 and the matter was remanded to this court by a final order of the District Court on April 8, 1997. The District Court found that while the plaintiff referred to a Federal act (Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.) several times in his complaint, it did not appear that he was basing his claim on that act and in fact he denied that he was making such a claim. The docket was inventoried by the District CT Page 13040 Clerk's Office and the case was closed in the United States District Court of Connecticut as of April 28, 1997 (See, document, this file).
The defendants Thomas Roberts, Alex Znaiden, and Alan Suares are all employees of the defendant Chesebrough-Ponds USA Co. Roberts, Znaiden and Suares on May 12, 1997 moved in this court to dismiss the complaint against them on the ground that this court lacks personal jurisdiction over them because they were not properly served. They each claim that they were not personally served with, nor did they receive at their place of abode, a summons and complaint in this action. They claim that these documents were placed in their office mail boxes by a fellow employee of Chesebrough-Ponds where they found them on returning from vacation. They claim that the fellow employee, Peter Poirier, placed them in the mail boxes after receiving them from a sheriff. They claim that Mr. Poirier was not authorized to accept service on their behalf and that Mr. Poirier made no such claim to the sheriff.
Waiver
The plaintiff claims, at the outset, that the defendants have waived the alleged insufficiency of service by failing to move within thirty days of filing an appearance required by Practice Book Sec. 142.
Section 142, Practice Book directs that any defendant, wishing to contest the court's jurisdiction, may do so after entering a general appearance but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. Section 143 Practice Book directs that the motion to dismiss shall be used, among other things, "to assert insufficiency of service of process."
The plaintiff claims that the defendants filed an appearance in this case when they acted to remove this case to the Federal Court and that the motions to dismiss was filed in the Superior Court after the case was remanded to it which filing was more than 30 days after the defendants had filed their appearance in the Federal Court to initiate the removal procedure. This court does not agree. This Federal statute under which the defendants acted is 28 U.S.C. § 1446 (d). It provides that once removal of a case is completed, as this case was on January 24, 1997, "the state court shall proceed no further unless and until the case is CT Page 13041 remanded." See, Wood v. DeWeese, 305 F. Sup. 939, 941 (W.D.Ky. 1969) citing, Baltimore and Ohio Railroad Company v. Koonty,104 U.S. 5, 14; 26 Law Ed. Otto 643 (1881).
As previously noted this file was ordered remanded by the final order of the District Court on April 8, 1997. The docket was inventoried by the District Court clerk's office and the case closed in the United States District Court of Connecticut on April 28, 1997. (See, document, this file). The delivery of the file to this court apparently did not occur until on or about May 9, 1997 causing this court's clerks office to refuse to accept documents for filing in the case until that day. The defendants filed this motion to dismiss on May 12, 1997 well within the 30 day period set forth in Sec. 142 Practice Book. The filing of the motion to dismiss by defendant's attorney was his first appearance in this court in this case.
It is to be recalled that the defendants' motion to remove this case to the Federal Court was filed four days prior to the complaint's return date. Thus the defendants were not operating under the rules of this court until the file was returned to this court in early May 1997. Jurisdiction was in the Federal Court until that time. Nor were the defendants under any obligation to file the motion to dismiss in the Federal Court. See, Doran v.Elgin Co-op Credit Ass'n., 95 F. Sup. 455, 459 (D.Neb. 1950).
The plaintiff's claim of waiver is without merit.
The Service
As previously indicated, the motion to dismiss is based on the claim of the defendants Roberts, Znaiden and Suares that they were not properly served in this action and as a result the court lacks personal jurisdiction over them.
"Service of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction over that party." General MotorsAcceptance Corporation v. Pumphrey, 13 Conn. App. 223, 227.
Connecticut Statutes Sec. 52-54 provides that "the service of a writ of summons shall be made by the officer . . . by leaving an attested copy thereof with him (defendant) or at his usual place of abode." Section 52-57 (a) likewise states that "Except as otherwise provided, process in any civil action shall be CT Page 13042 served by leaving a true and attested copy of it, including the declaration or complaint with the defendant or at his usual place of abode, in this state."
"The most prominent purpose of the law in proscribing the modes of serving civil process was to ensure actual notice to defendants. (Citation). The place where one would be most likely to have knowledge of a service by copy would be at his usual place of abode." Clegg v. Bishop, 105 Conn. 564, 569.
The only evidence offered by the plaintiff to support his claim of proper service on these defendants is the sheriff's return which is attached to complaint.
That return recites that the sheriff after serving another defendant in Greenwich served Roberts, Znaiden, and Suares "by leaving three true and attested copies of the same with my doings thereon endorsed with and in the hands of Peter Poirier, Facilities Manager of Chesebrough-Ponds USA Co. authorized to and who accepted service for Thomas Roberts, Alex Znaiden, and Alan Suares, three of the within named defendants at 75 Merritt Boulevard, Trumbull Corporate Park, Trumbull, Connecticut."
On arriving at the Chesebrough office the sheriff inquired of Poirier as to whether Roberts, Znaiden, and Suares, were on the premises; he was advised that all three were on vacation. Mr. Poirier testified at the hearing on this matter. His affidavit, as well as affidavits by Roberts, Znaiden, and Suares are attached to the defendants' memorandum of law submitted in support of the motion. All three defendants deny that they had ever authorized Poirier to accept service on their behalf. Poirier, on the witness stand and in his affidavit denies that he was ever authorized to accept service on behalf of these defendants. He also denied that he ever told the sheriff that he was authorized to accept service on their behalf.
It is to be noted that there is no evidence that the sheriff ever made any effort to make abode service on these defendants. It would seem that at that time he did not know the home addresses of the defendants since he asked Poirier for them. Poirier refused to give him that information. See, Poirier's affidavit, March 21, 1997.
When questioned by plaintiff s attorney, Poirier testified that Chesebrough had no procedure for one employee to accept CT Page 13043 service of process on behalf of another employee.
An officers return is prima facie evidence of the facts so stated therein. As such it may be contradicted and the facts shown to be otherwise. Cugno v. Krelin, 138 Conn. 341. The burden of proof to impeach the return is on the moving party. Phan v.Delgado, 41 Conn. Sup. 367.
From the evidence offered by the defendants the court finds that the defendants did not authorize Poirier to accept service of the summons and complaint in this case on their behalf. Further, the court finds that Poirier did not tell the sheriff that the defendants had authorized him to accept service of the summons and complaint on their behalf.
Thus, the attempted service of the summons and complaint on each of these defendants was not in compliance with the statute by either "leaving an attested copy thereof with him (defendant) or at his usual place of abode." Section 52-54, supra.
This court has no in personam jurisdiction over the defendants Thomas Roberts, Alex Znaiden, or Alan Suares, General Motors Acceptance Corporation, supra.
The motion to dismiss is granted.
Harold M. Mulvey Judge Trial Referee