[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT DATED JANUARY 2, 1996 (#108)
CT Page 5203
By way of Complaint dated January 2, 1996, plaintiff, Carmel Maselli ("Maselli"), seeks damages for injuries allegedly suffered when she slipped and fell on an accumulation of ice and snow in a parking lot allegedly owned by the defendant, Bernard Kershner ("Kershner"). Service of process, dated January 18, 1996, was made by Deputy Sheriff John C. Burgarella by leaving a copy of the original Writ, Summons, and Complaint, . . . at the usual place of BUSINESS OF BERNARD KERSHNER[,] 393 MELOY ROAD[,] WEST HAVEN, CT. the within named Defendant(s)." Kershner now moves to dismiss the complaint for insufficiency of service of process. For the following reasons, the motion to dismiss is granted.
Pursuant to Practice Book § 10-31, "the motion to dismiss shall be used to assert . . . (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687 (1985), citing Practice Book section 10-31. "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.)Bridgeport v. Debek, 210 Conn. 175, 179-80 (1989).
Kershner moves to dismiss Maselli's complaint for failure to provide proper service of process as required by § 52-54 of the General Statutes. Section 52-54 provides three methods in which service of a summons and writ may be made: (1) by reading it in hearing of the defendant; (2) by leaving an attested copy with him; or (3) by leaving an attested copy at his usual place of abode. Kershner argues that the statute does not allow for service to be made at the defendants usual place of business. Accordingly, Kershner asserts that this court lacks jurisdiction over him and Maselli's complaint must be dismissed.
Maselli claims that an officer's return is only prima facie evidence of the facts stated therein and that Kershner has not disproven that a valid form of service, such as reading the complaint in the hearing of the defendant, was not made. Maselli has not made any offer of proof regarding service in a form different than the officers return.
In Phan v. Delgado, 41 Conn. Sup. 367 (1990), the court CT Page 5204 stated that, "an officer's return is . . . prima facie evidence of the facts stated therein and may be contradicted by showing the facts to be otherwise." Id. at 370. However, where there is undisputed evidence that the officer left the summons and writ "at a place other than the defendants' place of abode, the court must find that there was no service of process and that it `acquired no jurisdiction over the person of the defendant.'" Id.
at 370 (citing Buckingham v. Osborne, 44 Conn. 133, 140-41
(1876)). Accordingly, "a court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) In Delio v. Earth GardenFlorist, Inc., 28 Conn. App. 73, 77 (1992). Here, the officer's return has not been contradicted. Based on the officer's return, Kershner was not served pursuant to the statutory methods mandated by § 52-54. As such, Kershner has not been made a party to this action and the court may not exercise jurisdiction over him. Accordingly, the motion to dismiss is granted.
So ordered, at New Haven Connecticut this 21st day of April, 1999.
Robert J. Devlin, Jr. Judge of the Superior Court