[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, GMAC Mortgage Corporation (GMAC), filed a one count complaint dated October 25, 1999. The action was brought to foreclose a mortgage to GMAC from the defendant, Lorna E. Barclay, on the premises known as 3 Ashley Court, Bloomfield, Connecticut. GMAC alleges that the note and mortgage are in default by virtue of nonpayment of the installments of principal and interest due on April 1, 1999, and each and every month thereafter.
On November 26, 1999, GMAC filed a motion for default for failure to appear which was granted by the clerk of the court on December 2, 1999. On December 13, 1999, the court, Satter, J., granted GMAC's motion for strict foreclosure. The law day for the owner of the equity redemption was set for January 10, 2000. No appeal was taken from the judgment and the law day passed, vesting absolute title in GMAC on January 11, 2000.
On March 23, 2000, Barclay filed a motion to dismiss on the ground that GMAC failed to make proper service upon her and, therefore, the court lacks personal jurisdiction. Based on this alleged jurisdictional defect, Barclay moves to open the judgment of strict foreclosure granted on December 13, 1999, pursuant to "Practice Book § 326," which is now § 17-4[1]. GMAC opposes the motion to dismiss and the motion to open judgment.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). Practice Book § 10-31
(a) provides in pertinent part that "[t]he motion to dismiss shall be used to assert . . . (2) lack of jurisdiction over the person. . . ." "The general rule putting the burden of proof on the defendant as to jurisdictional issues raised is based on the presumption of the truth of the matters stated in the officer's return. When jurisdiction is based on personal or abode service, the matters stated in the return, if true, confer jurisdiction." (Internal quotation marks omitted.) Standard TallowCT Page 7330Corp. v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503 (1983).
The issue before the court is whether the judgment of strict foreclosure against Barclay should be opened because the court lacked personal jurisdiction over Barclay. Barclay admits that she resides at 3 Ashley Court, Bloomfield, Connecticut, and that the Sheriff's Return of Service indicates that abode service was made at the address where she resides. Barclay asserts, however, that she never received notice of the commencement of the foreclosure proceeding until after judgment was entered by the court. Barclay's only evidence in support of her motion to dismiss is her affidavit that states, "I did not receive notice of the Foreclosure until after Judgment was entered." (Barclay Affidavit, March 17, 2000, ¶ 4.)
General Statutes § 52-57 (a) provides that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." "A mere denial [of service] by the defendants unsupported by corroborating evidence or circumstances should not be enough to justify the vacating of a judgment because to permit a defendant to impeach a summons by simply denying service would create chaos in the judicial system." (Internal quotation marks omitted.) Phan v. Delgado, 41 Conn. Sup. 367, 372, 576 A.2d 603
(1990); see also Ludacer v. Visual Design Group, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149411 (August 8, 1996, Lewis, J.) (motion to dismiss denied because defendant's uncorroborated, self-serving affidavit was insufficient to overcome the presumption of truth attached to the constable's return); Gillanders v.Dow Corning Corp., Superior Court, judicial district of Waterbury, Docket No. 304876 (February 9, 1995, Vertefeuille, J.) (same). "The rule that an officer's return of service may not be set aside upon the [uncontradicted] testimony of one witness does not place an undue burden on a person who in truth has not been legally served. . . . [I]t would be a rare occasion when a party who had not been served in accordance with legal requirements would be unable to corroborate his testimony through that of his neighbors, friends or family or by way of documentary evidence." (Citation omitted; internal quotation marks omitted.) Phan v.Delgado, supra, 41 Conn. Sup. 372-73.
Likewise, in the present case, Barclay has not sustained her burden of proof that she was not served pursuant to § 52-57 (a). See StandardTallow Corp. v. Jowdy, supra, 190 Conn. 53. Accordingly, the court denies Barclay's motion to dismiss.
The court also denies Barclay's motion to open the judgment of strict foreclosure because the court had personal and subject matter CT Page 7331 jurisdiction over the foreclosure action. General Statutes § 49-15
provides that "[a]ny judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified . . . but no such judgment shall be opened after the title has become absolute in any encumbrancer." See also Farmers Mechanics Bank v. Kneller, 40 Conn. App. 115,670 A.2d 324 (1996). Title vested in GMAC on January 11, 2000, and pursuant to § 49-15, the judgment cannot be opened. Accordingly, the court denies Barclay's motion to open the judgment of strict foreclosure.
Stengel, J.