[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO VACATE[1] #132
The Defendant father, Gary Krom, moves to "vacate" the modification judgment entered by a Family Support Magistrate, dated September 13, 2002. The Judgment modified the Defendant's child support obligation from zero dollars per week, upward to $367. per week. The Defendant did not appear in the modification proceedings. He now claims that the Court lacked in personam jurisdiction, alleging improper abode service. The basis of his claim is founded upon the return of service that identifies an abode service at 132 Lewis Street, Bristol, whereas, he resides at 132 Lewis Road Bristol, Connecticut.
Legal Standard: Motion to Open Default Judgment
The provisions of Practice Book § 17-43 govern opening of judgments. Practice Book § 17-43 provides, in relevant part
 "any judgment rendered or decree passed by default or nonsuit may be set aside within four months succeeding the date upon which notice was sent, and the case reinstated on the docket . . . upon written motion . . . of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense . . . existed at the time of rendition of such judgment. . . . And that the plaintiff or CT Page 988 defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall set forth with particularity the reason why the plaintiff or defendant failed to appear. . . .
Connecticut General Statute § 52-212 contains similar procedural requirements as conditions precedent to the opening of a judgment.
Neither the Defendant nor his counsel has verified, under oath, the Motion to Open. The failure to provide the verification deprives a court of jurisdiction to entertain a motion to open. Crudip v. Land AirTransportation, Inc., No CV 96-0339107S (March 24, 1999); G.F.Construction, Inc. v. Cherry Hill Construction, Inc., 42 Conn. App. 119, n. 12, 124 (1996). Although the Defendant's failure to verify the Motion is sufficient basis to deny his Motion, the Motion is denied because the underlying facts of his claim support valid abode service and the denial of his Motion and requested relief.
Facts 
The Defendant claims that the service of the underlying modification proceeding was not proper. As reasons in support of his claim the Defendant refers to the return of service filed with this Court. The return provides that the Defendant was served by leaving a copy of the modification motion and summons at the Defendant's "usual place of abode", identified as "132 lewis [sic] Street, Bristol". The Defendant asserts that his abode is 132 Lewis Road, Bristol. He further claims that a Lewis Street and a Lewis Road traverse through Bristol Connecticut. Therefore, according to the Defendant, the Court lacked personal jurisdiction over him because process was not served at his abode.
The Defendant's claim is specific to the lack of notice of the "proceeding held on September 13, 2002, which resulted in the entry of the aforementioned orders." The Defendant does not claim that he lacked actual notice of the modification proceeding, or the order of notice for June 6, 2002. Because the Defendant did not appear on the original scheduled date, the proceedings were continued to July 12, 2002 and then to September 13, 2002 to obtain independent verification of the Defendant's wages from the Defendant's employer and the Department of Labor. The Defendant was mailed letter notice at 132 Lewis Road, Bristol, informing him of the continuance of the hearing to July 12, 2002. He does not dispute receipt of the letter notice. The Defendant also testified that he was aware that his employer had been contacted by CT Page 989 the State concerning the modification proceedings.
The undisputed and credible evidence demonstrates that the Defendant had actual knowledge of the original court date of June 6, 2002, and the continuance date of July 12, 2002. He testified that his attorney told him not to respond to the State's inquiries until he had been served. Lastly, the Defendant made a telephone call to the process server, an officer of the Department of Social Services.[2] However, he claims that he called the officer prior to being served, which he claims he never received.
The Defendant offered a Hagstrom map of Bristol, Connecticut in support of his claims. A "Lewis" travel-way appears in the same map grid as Lewis Road on the Hagstrom map. See Exhibit "A". Both Plaintiff and Defendant testified that a Lewis Street turns into Lewis Road in Bristol. The roadway is interrupted by a stop sign and an intersection. The Defendant testified that the low numbered houses are assigned to Lewis Street, and the higher numbers are assigned to Lewis Road. He further testified that number 132 is not duplicated on Lewis Street.
The Plaintiff testified, without objection, that she was familiar with Lewis Street and Lewis Road in Bristol. Again, without objection, she testified that the Bristol assessor's office told her that there was no property numbered "132" on Lewis Street in Bristol. She confirmed this information through her own personal observation. Again, Defendant did not object, or dispute this testimony.
The officer of the Department of Social Services that effectuated the service testified that he served the Defendant at 132 Lewis Road
Bristol, Connecticut, pursuant to the summons. He further testified that his return of service identifying abode service at "lewis st [sic]", was in error. The server identified the Defendant's place of abode as a single family, white house, with a red door, on the right hand side of the street. He f testified that he had placed the papers in the door jam of the Defendant's house. The Defendant did not contradict or dispute the description of his house where service was made.
Legal Standard: Abode Service
A return indicating that service has been made, by leaving an attested copy of the summons and motion at the defendant's abode, is prima facie evidence of the facts stated in the return. Jenkins v. BishopApartments, 144 Conn. 389, 390 (1957); Genug's, Inc. v. Rice,33 Conn. Sup. 554, 558 (1976). The allegation that a Lewis Street and Lewis Road both exist in Bristol raise an issue of fact that contradicts CT Page 990 the presumption of abode service. Where there is undisputed evidence that the officer mistakenly left the process at a place other than the defendant's place of abode, the court must find that there was no service of process and that it acquires no jurisdiction over the person to render a valid judgment against him." Uyen Phan v. Delgado, 41 Conn. Sup. 367,369-370 (1990). "Abode" is the place where the defendant would most likely have knowledge of service of process and is generally recognized as the place where the defendant is living at the time of service.Grayson v. Wofsey, Rosen Kweskin Kurianski, 40 Conn. Sup. 1, 3
(1984, Jacobson, J.) However, General Statute § 52-57 (a), authorizing abode service, should be construed liberally in the cases in which the defendant received actual notice. Id. at 3.
The defendant must provide sufficient evidence to prove that the matters stated in the return are not true. Knipple v. VikingCommunications, Ltd., 236 Conn. 602, n. 9, 607 (1996); Standard Tarlowv. Jowdy, 190 Conn. 481, 453 (1983). General Statute § 52-57 (a) provides that service of process on an individual defendant shall be made by leaving a copy of the process with the defendant or, at the defendant's usual place of abode. For valid abode service, the papers must be left at the abode "in such a place and in such a manner that it is reasonably probable that the defendant will receive the actual notice of the action against him. Brodax v. Surgitek, Inc. No 0299832 (January 20, 1995, Vertefeuille, J.) citing Pozzi v. Harney, 24 Conn. Sup. 488,491 (1963). Slipping papers under the door so that they are left within the dwelling is effective abode service. Id.
The credible, and undisputed testimony demonstrates that the property numbered 132 Lewis exists on Lewis Road, only. The process server testified that he left the process at 132 Lewis Road, Bristol. The Defendant had actual notice of the modification proceeding through verbal communications with his employer, the process server and through letter notice of the July 12, 2002 court date. He was not prevented from appearing and contesting jurisdiction prior to judgment entering. Rather, he had consulted an attorney who advised him to do nothing until he was served. He incorrectly believed that he had not been served.
The Defendant claims that he never received a copy of the process at his home. The uncorroborated, self-serving statement alone is insufficient to overcome the overwhelming and credible testimony concerning the abode service. Uyen Phan v. Delgado,41 Conn. Sup. at 373;Kelley v. McGrail, 2002 Conn. Sup. 1297 (2002) (A party's uncorroborated, self-serving affidavit is not sufficient to overcome the presumption of truth attached to an officer's return.). CT Page 991
Sufficient, credible evidence supports a finding of proper service upon the Defendant. Therefore, this Court obtained personal jurisdiction over the Defendant and the Judgment of September 13, 2002 properly entered. The Defendant has relied solely on a claim of lack of jurisdiction to support his Motion to Vacate. He has offered no evidence to satisfy the conditions precedent to open the judgment, as required by Practice Book § 17-43 and general Statute § 52-212. Accordingly, the Defendant's Motion to Vacate is hereby DENIED.
Alas, the Defendant is not without remedy. If the financial orders were based upon erroneous or incomplete information, he may avail himself of the modification provisions pursuant to General Statute § 46b-215
(a) (e).
 ___________________ Linda T. Whihbey dated: January 6, 2003 Family Support Magistrate
[EDITORS' NOTE: DEFENDANT'S EXHIBIT NO. 1]
FA 97-07 14850S SUPERIOR COURT ANGELA KROM FAMILY SUPPORT MAGISTRATE DIVISION v. JUDICIAL DISTRICT OF HARTFORD AT HARTFORD GARY KROM JANUARY 6, 2003
 MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO VACATE #132
The Defendant father moves to "vacate" the modification judgment that increased his child support obligation from zero dollars per week, to $367. per week. The Defendant did not appear in the modification proceedings. He now claims that the Court lacked in personam
jurisdiction, alleging improper abode service. The basis of his claim is founded upon the return of service that identifies an abode service at 132 Lewis Street, Bristol, whereas, he resides at 132 Lewis Road
Bristol, Connecticut.
Neither the Defendant nor his counsel has verified, under oath, the Motion to Open. Although the Defendant's failure to verify the Motion is sufficient basis to deny his Motion, the Motion is denied because the underlying facts of his claim support valid abode service and the CT Page 992 Defendant's actual notice of the proceedings. Sufficient, credible evidence supports a finding of proper service upon the Defendant. Accordingly, the Defendant's Motion to Vacate is hereby DENIED.